## CHAMPION *vs.* CHAMPION.

1. On a question of alimony pending a libel for divorce, made in term particularly, this court will not scan closely the ruling of the court on the matter of notice or continuance of the case on account of the absence of a witness. These matters rest much in the discretion of the presiding judge, and this record furnishes no evidence of its abuse.
2. The alimony allowed seems reasonable and proper under the law and facts disclosed in the record, and no legal ground is shown to disturb the judgment. The whole thing rests in the discretion of the court. Code, §§1737, 1738, 1739, 1740, 1741.

JACKSON, Chief Justice.

---

## CLEVELAND *vs.* TREADWELL.

1. Where the judge who presided at the trial of a case did not hear the motion for a new trial, but it was heard and overruled by the judge of another circuit temporarily presiding, the reluctance of this court to interfere with a verdict approved by the presiding judge, as contrary to law and evidence, has no application.
2. The charge of the court was fair and legal.
3. The verdict was contrary to law.
(*a.*) Where two persons, owning land under a common feoffor, had agreed upon and marked a dividing line between them, and subsequently processioners were called in by the vendees of such parties to lay out and mark the line between them, they should have had regard to such agreed and marked line, and a line run by them totally irrespective thereof was illegal. Code, §2387.
4. Acquiescence by acts or declarations for more than seven years in a dividing line is sufficient to establish it. Code, §2388.

JACKSON, Chief Justice.

---

## TYSON *vs.* THE STATE OF GEORGIA.

The charge of the court was not unsupported by evidence, and the verdict is fully upheld by the evidence.

SPEER, Justice.