## FARR *v.* WOOLFOLK.

118    277
Case 2
f127    107

1. Under the Civil Code, § 3247, acquiescence for seven years by acts or declarations of adjoining landowners will establish a dividing line.
2. Independently of the rule laid down in the code section, a parol agreement between coterminous proprietors, that a certain line is the true dividing line, is valid and binding as between them, if the agreement is accompanied by possession of the agreed line or is otherwise duly executed, and if the boundary line between the two tracts is indefinite, unascertained, or disputed. Such an agreement is not within the statute of frauds, because it does not operate as a conveyance of land, but merely as an agreement with respect to what has already been conveyed.

Submitted June 5, — Decided July 1, 1903.

Equitable petition. Before Judge Butt. Chattahoochee superior court. September 20, 1902.

*E. J. Wynn,* for plaintiff in error.
*Goetchius & Chappell,* contra.

FISH, J. Woolfolk brought his action against Farr, to recover the possession of a strip of land 8 chains in width and 45 chains in length, and to enjoin the defendant from cutting timber thereon. The trial resulted in a verdict and decree in favor of the plaintiff, and the defendant excepts to the refusal of the court to grant him a new trial. It is conceded that the plaintiff is the owner of lot 112, and that the defendant is the owner of lot 111, in the 7th district of Chattahoochee county. The issue is as to the dividing line between the two lots. The plaintiff contends that lot 112 is a lot of the ordinary size in the land survey of that portion of the State, that is, a lot 45 chains square, containing 202 1/2 acres. The defendant admits that the ordinary lot in that portion of the State would be of the character just indicated, but contends that, by a mistake of the surveyors or otherwise, the two lots involved in the present controversy were not laid off in equal size; that lot 111 is a parallelogram, 45 chains on two sides and 53 chains on the other two, and that lot 112 is 45 chains on two sides and 37 chains on two. He also contends that even if the original land lines would not make lot 111 of the size just indicated, the owners of the two lots have acquiesced in a boundary line different from what the line would have been under a regular survey; and that, treating this agreed line as the true line, the lots would be of the sizes above indicated. The lots in this part of the State were intended to be laid off in lots 45 chains square, containing 202 1/2 acres. See, in this connection, the very able paper of Mr. Alex. C. King, of the Atlanta bar, in the Georgia Bar Association Reports of 1885, p. 157. Whether the survey was actually made in accordance with this plan was, of course, a question of fact to be determined by the evidence in the case. If this was not true, the question as to whether a line between the two lots had been agreed on by the coterminous owners was also a question of fact.

Error is assigned upon the following charge of the court: "If you should believe now that there was a recognized line between Mr. Farr and Mr. Woolfolk, although the same may not have been the true line, if it was the recognized line between them, there was an agreement between Farr and Woolfolk that the line was at a certain place, and Farr was in possession of it for more than seven years, he would have the title to it; otherwise he would not." This charge is alleged to be erroneous, because the law allows own-

ers of land to agree upon a dividing line, and an agreement as to a dividing line is binding from the time it is made, and does not have to be acquiesced in for seven years. The code provides in distinct terms that acquiescence for seven years by acts or declarations of adjoining landowners shall establish a dividing line. Civil Code, § 3247. See also *Cleveland* v. *Treadwell*, 68 *Ga.* 835; *Camp* v. *Cochrane*, 71 *Ga.* 865; *Boardman* v. *Scott*, 102 *Ga.* 421; *Glover* v. *Wright*, 82 *Ga.* 117, and cases cited. These authorities establish that where acquiescence as to a dividing line is relied on, such acquiescence must be shown to have been for a period of at least seven years. There is, however, another rule of law equally of force in Georgia, though not in terms referred to in the code. This rule has been thus stated: "Where the boundary line between two estates is indefinite or unascertained, the owners may, by parol agreement, establish a division line, and the line thus defined will afterwards control their deeds, notwithstanding the statute of frauds." 4 Am. & Eng. Enc. L. (2d ed.) 860. See also 5 Cyc. 931. The following quotation from Tyler's Law of Boundaries, page 254, accurately and concisely states the reasons why an agreement of this kind is not within the statute of frauds: "Agreements made in respect to disputed boundary lines are not within the statute of frauds, because they can not be considered as extending to the title; nor do they have the operation of a conveyance, so as to pass the title from one to another. The object is not to pass the estate, or to make a conveyance and transfer to one person of lands which belong to another; but such agreements proceed upon the fact that the true line of separation is not only fairly and truly in dispute, but that it is also, to some extent, undefined and unknown. They recognize and confirm the title of both the contracting parties to the land, of which they are respectively the real owners, and seek only to distinguish and place beyond the reach of future doubt the true line of separation between them." Under the code, acquiescence in a dividing line for a period of seven years or more will operate to establish the line, without regard to any previous parol agreement between the parties as to the line; and a parol agreement as to the line, if of the character indicated by the foregoing quotations, is equally binding. Such an agreement does not depend for its validity upon acquiescence or estoppel. Lecomte *v.* Toudouze, 82 Tex. 208, s. c. 27 Am. St. Rep. 870,

876.    Acquiescence for the period required by the statute would be conclusive evidence of a previous agreement, though there may in fact have been none; but an actual agreement in fact, whether in writing or parol, takes the place of acquiescence and becomes binding from the time it is made.    Lindsay v. Springer, 4 Harr. 547, 550.    The distinction just referred to is clearly pointed out in Gwynn v. Schwartz (W. Va.), 9 S. E. 880, 885.    It is, however, indispensable that a parol agreement as to a dividing line be accompanied with possession, or that something else should be done by the parties to execute the agreement.    City of Natchez v. Vandervelde, 31 Miss. 706, s. c. 66 Am. Dec. 581; Sawyer v. Fellows, 6 N. H. 452, s. c. 25 Am. Dec. 452; Lindsay v. Springer, 4 Harr. 547; Grim v. Murphy, 110 Ill. 271; Tate v. Foshee (Ind.), 20 N. E. 241; Glen Mfg. Co. v. Lumber Co., 80 Fed. 242; Atchison v. Pease (Mo.), 10 S. W. 159; Ernsting v. Gleason (Mo.), 39 S. W. 70; Berghoefer v. Frazier (Ill.), 37 N. E. 914; Gwynn v. Schwartz, (W. Va.), 9 S. E. 880, 885.    Neither acquiescence in nor possession under the agreed line for any considerable length of time is necessary to give validity to the agreement, though it has been held that the agreement derives additional weight from long acquiescence.    Nichol v. Lytle, 4 Yerg. 456, s. c. 26 Am. Dec. 240; Duff v. Cornett (Ky.), 62 S. W. 895.

There is no decision of this court which would prevent the application in this State of the rule respecting parol agreements as to dividing lines.    Nearly all of the decisions of this court upon the subject of dividing lines relate to the rule laid down in the section of the code, but the decisions in *Clark* v. *Hulsey*, 54 *Ga.* 608, and *Cleveland* v. *Treadwell*, 68 *Ga.* 835 (3a), are authority for the proposition that a parol agreement as to a dividing line may itself be binding, when executed, independently of the rule laid down in the code concerning acquiescence for seven years.    The decision made in *Miller* v. *McGlaun*, 63 *Ga.* 435, is also in entire harmony with what has been said above.    While it was ruled in that case that the parol agreement relied on was not binding, because not made to settle any dispute with respect to the true line, but to set up a totally different and independent line, with no occupancy of the part in dispute, the following language of Mr. Justice Jackson makes it clear that nothing said in that case conflicts with the ruling now made:  " If there had been any dispute on the

point where the true dividing line of the two lots ran, and by agreement of the coterminous owners thereof a line had been fixed on as such true line, whether the creek or any other, it can not be doubted that the parties could do so by verbal agreement, and such agreed line would bind subsequent holders under either, and that proof thereof could be made in parol; but where there is no dispute, and never was any in respect to the true line between the lots, and the deeds called for that line, and defendant's written title covered the soil only up to the same line, not a line agreed upon by anybody or in dispute as to location between any parties, but the original line between the lots, then we think that to convey land above or below such true original line so as to bind purchasers without any notice, or any enclosure or cultivation thereof, would require written conveyance under the statute of frauds."

It is apparent from the foregoing that the charge of the court was erroneous.    The evident idea of the trial judge was that the rule laid down in the section of the code concerning acquiescence was the only rule on the subject of force in this State, and that to give validity to a parol agreement it was essential that it should have been acquiesced in for at least seven years.    The error thus committed requires a new trial.    While the jury found under the evidence that the parties had not for seven years or more acquiesced in the line claimed by the defendant, they had no opportunity, in view of the judge's charge, of passing upon the question whether there had been a valid parol agreement between the parties as to the line, independently of acquiescence for a long period of time. While the evidence as to the existence of such an agreement is meager, viewing it as a whole, the jury could have found that the plaintiff pointed out to the defendant the line claimed by him, and that he agreed with the plaintiff that this was the true line and acted on the agreement thus made.    While the evidence does not show a distinct agreement between the parties, the circumstances point to such an agreement with sufficient certainty to have authorized a finding in favor of the defendant on this theory.    The weight of the evidence was probably with the plaintiff, but this is not the criterion for determining whether a new trial should have been granted.

The other assignments of error do not require any extended discussion.    If other errors were committed, they were not pointed

out in the assignments of error. We award a new trial solely be-
cause of the error in the extract from the charge above dealt with..

*Judgment reversed. By five Justices.*