## ZACHERY *v.* HUDSON.

No errors of law appear to have been committed by the trial court, and
the evidence authorized the verdict.

APRIL 11, 1912.

Complaint for land. Before Judge Bell. Fulton superior court.
July 8, 1911.

This was a complaint for land brought by Mrs. Fannie M.
Hudson against Mrs. O. P. Zachery, to recover the possession of a
strip of land fronting 16 inches on the south side of Baker street
in the City of Atlanta, and running back with the same width
76 feet. The defendant owns the lot of land immediately east of
the lot owned by Mrs. Hudson, both lots being bounded on the
north by Baker street. The plaintiff and defendant are coterminous
owners, and the strip of land in controversy was the property of the
one or the other accordingly as the line between their lots might be
located 16 inches further east or west. The line in dispute be-
tween them begins at a point 125 feet west of the southwest corner
of Baker and Williams streets. It appears from the evidence that
in the year 1896 there was a wooden fence extending from Baker
street back (south) for a distance of 76 feet, which it is claimed by
the plaintiff was the dividing line between the lands now owned by
herself and the defendant. In the spring of 1899 one Baker, the
predecessor in title of the defendant, replaced the wooden fence
with a stone fence or wall for a distance of 40 feet back from Baker
street, and this stone fence or wall remained until 1906, that is,
more than seven years, when the defendant, who had bought the
property from Baker in 1903, constructed or began to construct a
fence 16 inches further west than the stone fence and the old
wooden fence had formerly been, thus taking possession of the strip
of land in controversy. The undisputed evidence shows that Baker
built the stone fence between his lot and that of the plaintiff.
When the defendant, the present owner, under a purchase from
Baker went into possession of the lot formerly owned by Baker, she
found the stone fence or wall 40 feet long built along the line
occupied by a previously existing wooden fence between her lot and
that of the plaintiff, and it remained undisturbed until September,
1906. The plaintiff testified that the stone wall was placed there
by Mr. Baker after he had made inquiry of her as to whether the
wooden fence was on the true dividing line, and after she had in-

formed him that it was. This evidence in regard to Baker's building the fence and when it was built was not controverted. Nor does it appear from the evidence that the defendant raised any question as to the proper location of the stone wall before September, 1906. In the description of the lots, Mrs. Hudson's lot began on Baker street at 125 feet west of the corner of Williams and Baker streets, and Mrs. Zachery's lot facing on Baker street extended to the beginning of Mrs. Hudson's lot on Baker street. The difference of 16 inches resulted from making a survey upon a horizontal plane from Williams street, or along the surface of Baker street. On the trial of the case the court charged the jury as follows: "The plaintiff says that a certain fence was the line, that the fence has been established by the predecessors in title of both the plaintiff and the defendant, and had been acquiesced in for a period of seven years and more, which established it as the true line between the parties. Acquiescence for a period of seven years, by act or declaration by adjoining landowners, shall establish a dividing line. If the plaintiff and defendant, or those under whom they claim, established this fence in question as the line between the plaintiff's and defendant's two pieces of property, and it had been acquiesced in by the parties for seven years, then it would be the dividing line, regardless of recitals in a deed with regard to the number of feet. If that is not true, then the parties would be governed by the number of feet mentioned in the deed. Whether there was acquiescence, what amounted to acquiescence, are all matters for you to determine under the rules of law and the facts of the case. What the parties did you get from the evidence. Acquiescence is to be distinguished from avowed consent on the one hand, and from open discontent or opposition on the other. It amounts to a consent which is impliedly given as to one or both parties to a proposition, or any act whatever. Acquiescence by act or declaration must be continuous for seven years by all the owners of the land on both sides of the line during a continuous period of that seven years. Where actual possession has been had under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession. Actual possession of land is evidenced by inclosure, cultivation, or any use or occupation thereof which is so notorious as to attract the attention of every adverse claimant, and so exclusive as to pre-

vent actual possession by another. Acquiescence for the period required by the statute (and I have read you the statute) would be conclusive evidence of a previous agreement, though there may in fact have been none. If you believe that the testimony shows there was a recognized line between Mrs. Hudson and Mrs. Zachery, although the same may not have been the true line, if it was recognized as the line between them, and it remained in the same place more than seven years, then that became the line and both parties would be bound thereby. Adjoining landowners may agree upon the dividing line between them, and each will own up to the agreed line as fully as if it were a natural boundary, or as if their respective deeds or grants called for it. Such an agreement may be implied as well as expressed, and in either case the definite settlement of a boundary not previously defined is a good and sufficient consideration to uphold the agreement. Where an agreement establishing a dividing line between adjoining properties is followed by acquiescence and possession, the parties are concluded by their agreement; and when the acquiescence and possession have continued for the period of time prescribed by the statute of limitations, a perfect title by adverse possession is acquired. If adjoining proprietors deliberately erect monuments or fences or make improvements on a line between their lands upon the understanding that it is the true line, it will amount to a practical location. You take this case, gentlemen, in all of its phases, and apply the rules of law I have given you in charge to the facts adduced on the witness-stand and to the documentary evidence, and say which, under these rules, is the true line. If you find this fence was established by the predecessors in title of these two parties, and that the fence was on a line agreed upon (and as to that the court expresses no opinion, you determine that from the facts), and that the fence has been acquiesced in by both parties for a period of seven years or more, it would become the line. If there has been any break in it, if that has not been done, then the line called for by the deed would be the line." The jury returned a verdict for the plaintiff, and to the overruling of a motion for a new trial the defendant excepted.

*Candler, Thomson & Hirsch,* for plaintiff in error.

*Jesse M. Wood* and *Napier, Wright & Cox,* contra.

BECK, J. (After stating the facts.) The statement of facts sets forth the entire charge of the court below covering the question of

the effect of agreement between coterminous landowners upon a dividing line, and of acquiescence for a period of seven years in a line between the owners of contiguous lots. Several portions of this charge were excepted to in the motion for a new trial. But considered as a whole, the charge fully and fairly submitted the issues to the jury and correctly stated the principles of law applicable thereto. It is unnecessary to discuss the exceptions made. The principles of law involved in the case are fully and elaborately discussed in the cases of *Osteen* v. *Wynn,* 131 *Ga.* 209 (62 S. E. 37, 127 Am. St. R. 212), and *Farr* v. *Woolfolk,* 118 *Ga.* 277 (45 S. E. 230). The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*