## BENNETT *v.* SWAFFORD.

1. Where coterminous landowners, by parol agreement, fix the line between them and exercise acts of ownership over their respective tracts up to the agreed line, one of them will not afterwards be heard to deny his assent to the agreement.
2. The trial court did not err in directing a nonsuit in this case.
3. There is no merit in the other assignments of error.

FEBRUARY 15, 1917.

Ejectment. Before Judge Thomas. Berrien superior court. September 23, 1915.

*Hendricks, Mills & Hendricks,* for plaintiff.

*W. D. Buie,* for defendant.

GILBERT, J. Bennett purchased one hundred acres of land from Harrell. On payment of the agreed price Harrell executed and delivered a warranty deed to Bennett. Subsequently, with a view of selling the adjoining land owned by him on the south side of that sold to Bennett, Harrell together with Bennett undertook to locate the south line of the tract first mentioned. Both agreed that this line would cut off a portion of Bennett's house. On the trial Bennett swore that his agreement was not unqualified, that he insisted that the line thus located would not allow him the full number of acres conveyed to him by Harrell, but that for reasons not disclosed at the time, but stated on the trial, he agreed to the location of the line. At the same time a contract for the purchase of seven and one quarter acres additional was agreed to between the parties, and this conveyance was afterwards fully executed.

This tract was one half of an acre wide, and extended uniformly across the south side of the one hundred-acre tract. Bennett and Harrell located the lines of this tract and blazed the south line adjoining Harrell's remaining land. Conveyance was taken to the wife of Bennett, who, before the filing of this suit, conveyed the seven and one quarter acres to the plaintiff. Harrell then sold to Swafford all of his remaining land adjoining the plaintiff on the south. Bennett and Swafford, then coterminous landowners, cut trees, cultivated, and otherwise took possession of their respective lands purchased from Harrell, and had actual possession to the agreed dividing line.

Whether Bennett had mental reservations in respect to the agreements, or whether he actually uttered qualifications, his actions were such as to constitute an agreement. He bought the second tract from Harrell for the avowed purpose of saving a portion of the improvements which he had erected upon the line claimed by Harrell. He paid for the additional land and accepted a deed conveying the same, as already stated. Afterwards he acted upon the agreement, entered upon the second tract purchased, and exercised acts of ownership to the line established by him and Harrell. He will not afterwards be heard to deny his assent to the agreement. "A parol agreement between coterminous proprietors, that a certain line is the true dividing line, is valid and binding as between them, if the agreement is accompanied by possession of the agreed line or is otherwise duly executed, and if the boundary line between the two tracts is indefinite, unascertained, or disputed. Such an agreement is not within the statute of frauds, because it does not operate as a conveyance of land, but merely as an agreement with respect to what has already been conveyed." *Farr* v. *Woolfolk,* 118 *Ga.* 277 (45 S. E. 230). This is independent of the rule in the Civil Code (1910), § 3821, with reference to acquiescence for seven years by acts or declarations of adjoining landowners.

The above-stated facts appearing on the trial, the court directed a nonsuit. The plaintiff excepted to this judgment, and assigned error on various other rulings. The judgment of nonsuit was proper; and in none of the other assignments of error properly made was there any merit.

*Judgment affirmed. All the Justices concur.*