10236. Brooks *et al.* v. Goodin.

Luke, J. 1. An unascertained or disputed boundary line between adjoining landowners may be established by oral agreement; and such an agreement is executed so as to be binding when such owners procure a surveyor to survey and definitely mark out the line agreed upon, or themselves do so. See *Osteen* v. *Wynn*, 131 *Ga.* 209 (62 S. E. 37, 127 Am. St. R. 212).

2. The charge of the court, when read as a whole, is not subject to the criticism urged against it; and for no reason assigned did the court err in overruling the motion for a new trial.

*Judgment affirmed. Wade, C. J., and Jenkins, J., concur.*
Decided June 12, 1919.

Processioning; from Jefferson superior court—Judge Hardeman. October, 14, 1918.

Goodin owned a tract of land adjoining land of Brooks and Anderson. There was dispute between Goodin and these adjoining

landowners as to the line between his and their land, and he
applied to the processioners of the district to mark the line anew.
A line was marked by the processioners, and a protest to their re-
turn was filed by Brooks and Anderson. A trial by a jury in the
superior court resulted in a verdict in favor of the return; the
protestants made a motion for a new trial, which was refused,
and they excepted.

At the trial there was testimony to the effect that in order to
settle a dispute as to the line, Goodin proposed that 86 acres
should be cut off to Brooks by a straight line which should run
from a given point, and this was agreed to, and it was agreed by
the parties that a certain surveyor should be employed, at the
expense of Goodin, to run and mark the line in accordance with
this agreement; and the surveyor, with the assistance of Goodin
and Brooks, did this and was paid by Goodin for his services.
There was testimony on the part of the protestants that they did
not agree to the line as then run by the surveyor. In the motion
for a new trial it was alleged that the court erred in charging
as follows: "Coterminous landowners differing among themselves
about the true line may enter into a parol agreement about what
the true line is, and when they do agree about it and the line is
run in accordance with the agreement, it is binding, and the party
would not thereafter be heard to say that some other is the true
and correct line." Also: "So in this case, after the differences
arose between the parties, if Mr. Goodin and Mr. Anderson and
Mr. Brooks, the parties who had the differences about the land
lines, if they agreed that a line should be run, and that to be a
straight line, cutting off to Mr. Brooks 86 acres of land, and they
entered into that agreement, and thereafter these processioners[?],
with the surveyor, ran the line in accordance with that agreement,
then I charge you, if you should find that to be the truth of the
case, it would not be necessary for you to pursue your investiga-
tions further. If the agreement was entered into, a definite, dis-
tinct agreement between the parties, and they understood it, and
the line was run in accordance with that agreement, then it would
make no difference though one of the parties may have thereafter
become dissatisfied with that survey, if the survey was made and
the line was run in accordance with the definite, distinct agree-
ment between the parties. If they agreed upon a line and run the

51

line in accordance with the agreement, and you should so find, then write your verdict in this case for the applicant." This is alleged to be error "because of an incorrect statement of the law, and because, with this charge delivered to the jury, they had a right to uphold the finding of the processioners in the event they should have concluded from the evidence that there was a verbal agreement to run a line, without said agreement having been executed or in anywise thereafter concurred in."

*B. T. Rawlings,* for plaintiffs in error, cited: *Osteen* v. *Wynn,* 131 *Ga.* 209(3), 215; *Farr* v. *Woolfolk,* 118 *Ga.* 277(2); *Gornto* v. *Wilson,* 141 *Ga.* 597(2); *Bunger* v. *Grimm,* 142 *Ga.* 454(7).

*M. C. Barwick,* contra, cited: Civil Code (1910), § 5019; 5 Cyc. 945; *Osteen* v. *Wynn,* supra.