18669. CALHOUN *v.* GEORGIA VENEER & PACKAGE CO.

STEPHENS, J. 1. In a suit between two adjoining landowners, where the plaintiff sought to recover the value of timber which the defendant had taken from land claimed by the plaintiff, and where the defendant's claim of title was dependent upon the establishment of a designated line as an agreed dividing line between the two tracts of land by virtue of a parol agreement between the defendant and the plaintiff's predecessor in title, evidence that the strip of land to which the defendant claimed title by virtue of the alleged agreed dividing line was unimproved wild land, covered with timber, with no field or building on it, and that no fence had been on it, that the only markings of the alleged agreed line consisted in blazes apparently recently made upon the trees, and the only evidence of possession by the defendant of the disputed strip of land, up to the alleged agreed dividing line, was the occasional cutting of timber thereon by the defendant, and that the plaintiff, upon acquiring the title under which he claimed the land in dispute, had no notice of any claim by the defendant as to such alleged agreed dividing line, the evidence was insufficient to demand an inference, and to establish as a matter of law, that the parol agreement between the defendant' and the plaintiff's predecessor in title, establishing the dividing line between the two tracts of land, had become duly executed, either by actual possession or otherwise, or that the plaintiff had notice of such occupancy by the defendant. *Miller* v. *McGlaun,* 63 *Ga.* 435; *Osteen* v. *Wynn,* 131 *Ga.* 209 (3) (62 S. E. 37, 127 Am. St. R. 212) ; *Bunger* v. *Grimm,* 142 *Ga.* 448 (83 S. E. 200, Ann. Cas. 1916C, 173) ; *Farr* v. *Woolfolk,* 118 *Ga.* 277 (45 S. E. 230).

2. There being no issue respecting the size and shape of the entire tract of land belonging to the defendant, but the only issue being as to the true dividing line between the defendant's tract and the tract of the plaintiff, a plat of the land, purporting to show the dividing line between the two tracts as contended for by the plaintiff, was not inadmissible as evidence upon the ground that the plat appeared upon its face to be an incorrect representation of the size and shape of the defendant's land. There being some evidence that the plat was correct, it was properly admitted in evidence as a circumstance, to be taken together with other testimony, as tending to establish the true dividing line between the two tracts of land, and the probative value of the plat was a question for the jury.

3. A return of processioners, made after the termination of the case and the rendition of the verdict for the plaintiff, establishing as the true line between the two tracts of land the alleged agreed line contended for by the defendant, when made without the knowledge of the plaintiff and in a proceeding in which the plaintiff was not served and was not

a party, is, as respects the plaintiff, a mere nullity and has no probative value whatsoever, and can not, as newly discovered evidence, afford ground for the grant of a new trial.

4. The evidence authorized the inference that the true dividing line between the two tracts of land was as contended for by the plaintiff, and that the title to the timber cut and removed by the defendant was in the plaintiff.

5. The verdict found for the plaintiff in the amount found was authorized, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED AUGUST 30, 1928.

*William B. Kent, M. B. Calhoun,* for plaintiff.
*George H. Harris,* for defendant.