### BROWN *v.* HESTER.

GILBERT, J. This is a suit between coterminus landowners who hold under grants from the same person. The plaintiff obtained his grant in 1923; the defendant in 1913. The defendant pleaded title by deed, by prescription, by parol agreement of the respective owners at the date of his grant, and by acquiescence for seven years. The verdict was for the defendant. A motion for a new trial was based on the general grounds, and on assignments of error on portions of the charge of the court on the law of title by prescription. The motion was overruled, and the plaintiff excepted. *Held:*

1. Title by prescription was not involved. Defendant had not been in possession twenty years. Prescription under color of title for seven years was not involved, because color of title will not extend beyond the description in the grant. If the small bit of land was not within the boundaries of lot No. 1, it was not covered by or included in the grant from Mrs. Gilbert to Killian. For these reasons the assignments

of error on the subject of title by prescription need not be considered. Under the view we take of the case as stated hereinbelow, it is immaterial whether the court's instructions on the subject of prescription were erroneous or not.

2. A line between two coterminous landowners may be established: (a) "Where the boundary line between two estates is indefinite or unascertained, the owners may by parol agreement establish a division line, and the line thus established will afterwards control their deeds, notwithstanding the statute of frauds." Or (b) "Under the code, acquiescence in a dividing line for a period of seven years or more will operate to establish the line, without regard to any previous parol agreement between the parties as to the line." Civil Code (1910), § 3821; *Farr* v. *Woolfolk*, 118 *Ga.* 277 (2), 279 (45 S. E. 230); *Bennett* v. *Swafford*, 146 *Ga.* 473 (91 S. E. 553); *Barfield* v. *Birrick*, 151 *Ga.* 618 (108 S. E. 43); *Johnson* v. *Mary-Leila Cotton Mills*, 155 *Ga.* 344 (116 S. E. 609); *Childers* v. *Dedman*, 157 *Ga.* 632 (122 S. E. 45); *Henderson* v. *Walker*, 157 *Ga.* 856, 862 (122 S. E. 613).

3. The evidence demanded a finding that Killian erected a fence where it now stands, as a dividing line, and that it has been acquiesced in from 1913 to the filing of this suit in 1927, a period of more than seven years. The verdict for the defendant therefore was demanded.

*Judgment affirmed. All the Justices concur.*

No. 7312. NOVEMBER 14, 1929.

*McClure, Hale & McClure,* for plaintiff.