Collins *et al.* v. Rebb *et al.*

Russell, C. J. 1. Having occupied a tract of land of the same dimensions as that purchased, even though its location was not exactly that described in the deed, for more than seven years, a plaintiff in ejectment would be estopped to eject the owner of an adjoining lot purchased from the same common grantor, when the plaintiff's predecessor in title had erected a building with the acquiescence of the grantor upon a coterminous boundary line and occupied with his building all the space,

both in width and depth, embraced in the grantor's deed. Civil Code (1910), § 3821; *Catoosa Springs Co.* v. *Webb*, 123 *Ga.* 34 (50 S. E. 942) ; *Sapp* v. *Odom*, 165 *Ga.* 437 (6) (141 S. E. 201).

2. While it is true, as a general rule, that the owner of land does not lose title and right of possession even though he may erect a fence or construct a building within his boundary line, nevertheless, under the facts of this case, the jury were authorized to find that a boundary line between the lots of plaintiff and defendant was established by agreement and acquiescence between the common grantor and the plaintiff's predecessor in title sixteen years before the defendant purchased his lot, and that the plaintiff and her predecessors in title are, and ever since their original purchase have been, in possession of the exact quantity of land conveyed by the deed of the common grantor, the location of which does not vary substantially from that contended for by the plaintiff. The only variance in location is that the corners in the rear of the lot, which front on a ten-foot alley, are from one and four-tenths to one and fifty-five hundredths feet further east than the points which the plaintiff claims to be the true corners.

3. The excerpts from the charge of the court to which exceptions are taken were fairly and properly adjusted to the pleadings and evidence, and none of them are erroneous for any reason assigned.

4. The evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed.* *All the Justices concur.*

No. 8444. January 16, 1932. Rehearing denied March 2, 1932.

254

*H. C. Holbrook,* for plaintiffs.   *Louis H. Fosler,* for defendants.