## DANIELS *v.* CAGLE.

No. 10616. AUGUST 7, 1935.

*Sapp & Barnes,* for plaintiff.
*Mingledorff & Roberts* and *John S. Gibson,* for defendant.

RUSSELL, Chief Justice. The plaintiff, Daniels, made his purchase of land from the common grantor, Mrs. Mamie T. Brown, in the following circumstances: The bond for title given to the defendant, Cagle, by Mrs. Brown described the land purchased, so

far as material, as being "a strip of land about 100 feet wide east and west, and 150 feet long north and south, and known as the Mamie T. Brown home place," and as being bounded "west by lands of grantor designated by a fence." It was stipulated in the bond for title that part of the purchase-price of the land was to be discharged by Cagle paying off the amount due on a loan deed executed by Mrs. Brown to the Georgia Loan & Trust Company "upon the real estate herein described, dated June 1st, 1916, recorded in deed book 34, page 490." The deed of Mrs. Brown to the Georgia Loan & Trust Company described the land conveyed as "running . . east along south side of Jefferson Street 165 feet to point of beginning, being further described as being all of lot No. 4 and a portion of lot No. 3 in block No. 43 according to Peck's Survey of said City of Douglas, a plan of which appears in deed book 24, page 572, of record in office of clerk of superior court of Coffee County, Georgia." There was therefore, at the time that Daniels purchased from Mrs. Brown, a description in the Georgia Loan & Trust Company deed specifically describing the lot as fronting 165 feet on Jefferson Street, instead of the first description, which stated that the lot fronted about 100 feet on Jefferson Street. Furthermore, Cagle's bond for title, in addition to stating "about 100 feet," designated a fence as the western boundary of the home place of Mrs. Brown; and on the trial of the case Mrs. Brown stated that she considered that the land she called her home place fronted on Jefferson Street 140 feet. She testified: "This tax return is for those two pieces of property. The piece described as 64 by 150 feet is the house that Mr. Daniels now occupies, and the piece that is described as 140 by 150 feet is the home place where I lived and the vacant lot between the two houses." There was a conflict in the testimony between the witnesses for the plaintiff and those for the defendant as to the existence of the fence said to be located 100 feet west of Pearl Street, and this of course was settled in favor of the witnesses for the defendant by the verdict. In the circumstances the jury were authorized to find that at the time Daniels purchased his part of the lot owned by Mrs. Brown the possession of Cagle was sufficient to put him upon notice of the extent of Cagle's claim of title, and upon inquiry he was not authorized to buy this land of which Cagle was in possession under his recorded bond for title, and in the possession of which he still

remained. The evidence was sufficient to authorize the jury to find that the title of Cagle was superior to that of Daniels. Any ambiguities in a deed may be explained by parol, if the evidence can be applied to elucidate the claim of title, and it can not be said that the jury were not authorized to find in favor of Cagle rather than in favor of Daniels. However, it must be remembered that where in a contest between two parties the evidence is of such a nature that a jury would be authorized to find in favor of either of them, the verdict will not be supported if any error of law, either in the charge of the court or in its rulings upon the admissibility of evidence, might have induced or contributed to the result reached by the jury. So we will next consider the special grounds of the motion for new trial.

Where an owner of a tract of land in a city, 208 feet in width from east to west, conveys a tract on the east side consisting of either 100 or 150 feet in width, dependent upon a construction of the deed upon the application of the description to the subject-matter, and later conveys a tract consisting of 108 feet in width from east to west, so that according to one phase of the evidence with respect to the first deed mentioned the two grantees are in dispute as to the ownership of a tract 50 feet in width from east to west, and the controversy depends upon a construction of their respective deeds, or in the first case a bond for title followed by a deed, it is error, as claimed in special ground 1 of the motion for new trial, for the court to charge the jury the principle that acquiescence will establish a dividing line. In such a case the issue is not as to the location of a dividing line between coterminous owners, or coterminous grantees, but it relates solely to the ownership of the strip 50 feet in width, and depends upon the meaning of the two conveyances, and not upon acquiescence, no question of prescriptive title being involved. See *Standard Oil Co. v. Altman,* 173 *Ga.* 777 (161 S. E. 353). The present case differs on its facts from *Zachery v. Hudson,* 138 *Ga.* 85 (74 S. E. 768), and *Collins v. Rebb,* 174 *Ga.* 250 (162 S. E. 676).

The court erred in giving to the jury the instructions of which complaint is made in special grounds 2 and 3 of the motion for new trial, because they gave to the defendant the right to be relieved from the deed which he accepted (which did not follow the bond for title, and which thus eliminated certain descriptive elements

contained in the bond) by neglect, when the rule is it could only be relieved by fraud, accident, or mistake.

The errors referred to, which were probably prejudicial to the plaintiff, demand a reversal of the judgment overruling the motion for new trial.

*Judgment reversed. All the Justices concur, except Atkinson, J., who dissents, and Gilbert, J., absent.*