SIKES *et al. v.* MUTUAL BENEFIT LIFE INSURANCE CO.

No. 11159.   July 15, 1936.

*Perry & Perry* and *R. D. Smith,* for plaintiffs in error.

*G. C. Webb* and *R. R. Forrester,* contra.

Atkinson, Justice.   Mutual Benefit Life Insurance Co. brought an action to recover land and rents.   The defendant denied the material allegations, and alleged title both by deed and prescription under twenty years adverse possession.   The verdict was for the plaintiff for recovery of the land in dispute, the rental rights being waived.   The defendant moved for a new trial on general and special grounds.   The exception is to a judgment overruling the motion.

1.   One ground of the motion complains of evidence having reference solely to the issue of rents, which were waived and for which there was no recovery.   This ground is without merit. Another ground having reference to rents was expressly abandoned.

2.   Movants complain of the admission in evidence, over timely objection, of "the map of Tift County."   The objection was that the evidence failed to show that the map offered was the official or correct map of the county, or a correct copy thereof.   While there might have been more complete proof, there was sufficient evidence to authorize the map to go to the jury, especially in view of the fact that no inaccuracy was pointed out.

3.   Movants complain of the admission in evidence of questions and answers between counsel for the plaintiff and W. F. Sikes, a defendant, who had disclaimed title, with regard to the statement that the latter expected to keep the land until the case "is carried to the highest court and decided."   This testimony was irrelevant, but it appears to be immaterial and harmless.

4.   Movants complain that the court erred in failing to instruct the jury on the issue raised by the defendants as to prescriptive title based on twenty years possession.   The controversy is be-

tween coterminous landowners. No question is raised as to the title of the respective parties to their adjoining land, except as to the location of the dividing line. The uncontradicted evidence demanded a finding that the parties and their respective predecessors in title acquiesced in the present dividing line for a period of seven years, and such acquiescence operated to establish the line. *Tyson* v. *Anderson*, 164 *Ga.* 673, 676 (139 S. E. 410) ; *Brown* v. *Hester*, 169 *Ga.* 410 (150 S. E. 556) ; *Hatch* v. *Miller*, 179 *Ga.* 629 (176 S. E. 631).

5. The court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concur.*