27612. HAYES *v.* WILSON.

DECIDED OCTOBER 11, 1939.

*Charles N. King, W. B. Robinson,* for plaintiff.
*H. H. Anderson, R. Noel Steed,* for defendant.

FELTON, J. Mary L. Hayes made application to the processioners of Murray County, setting forth that she was the owner of 50 acres, more or less, of the east end of lot number 161 in the 10th district and 3d section of Murray County, Georgia, that the

lands adjoining her lands on the east were owned by N. J. Wilson, and that the applicant desired to have the line surveyed and marked anew by the processioners. The processioners filed their return with an attached plat of the line marked anew. N. J. Wilson filed his protest to the return, alleging in substance that the processioners, after having given him more than ten days notice in writing, did proceed to trace and mark anew the line on the west side of lot number 161 in said district, 3d section, owned on the west by applicant and on the east by protestant; that the processioners started at a poplar tree on the south line of said lot, 353 feet from the southeast corner of said lot, and running in a northerly direction to the line dividing the lot in half, running west 12 degrees, where they struck the line dividing the lot in half; and that the right and true line was as follows: starting at the southeast corner of said lot and running west 724 feet to a rock corner, and thence north with marked trees in a straight line to the one-half way of the lot. He prayed that this protest with all the proceedings in the matter be returned to the superior court, and that other proceedings be had in conformity with law. He amended his protest by alleging, in substance, that no certified plat was attached to the return, as required by law; that the return and plat are so vague and indefinite as to be unintelligible, and therefore void, in that the line alleged to have been run is in no way located in said lot; that neither the plat nor the return shows where the line starts, nor does it show how far north it extends, except that it goes to a conditional line, and it does not show how far north or south of the original lines the conditional line runs; that the plat does not show how many acres are contained in the south half of the lot, how many acres lie to the east or to the west of the line run by the processioners; that the return shows the applicant to be the owner of fifty acres in the east end of said lot, and the plat shows that she did not own any of the east end of said lot; that the processioners were not legally appointed, in that they were not appointed by any court, etc., having authority to appoint them, and in that, as shown by the minute book of the court of ordinary, they were appointed by the court of ordinary which was without authority to do so; and that the acts of the processioners were void, because they had not been appointed as provided by law.

The county surveyor amended his plat by placing on the line extending between the southeast corner of the lot and the starting point of the survey the figures "353 feet," and by stating the said line as beginning at said poplar tree 353 feet from the southeast corner of said lot, and extending north 12 degrees west to the center line between the north and south halves of said lot at a stake. The processioners then amended their return to conform to the description given by the surveyor. On motion of the protestant the proceedings were dismissed, and the applicant excepted.

1. The ground of the protest that no certified plat was attached to the return of the processioners was met by the amendment of the return of the surveyor attaching his certificate to the plat filed with the return.

2. There being no evidence touching the objection that the processioners were not legally appointed, this court will assume that the proceedings were not dismissed on that ground.

3. The other grounds of the protest are without merit. The issue on the trial of a protest in a processioning proceeding is not necessarily confined to whether the line marked by the processioners should be sustained, but it is permissible for the protestant to obtain a verdict setting up the true line as declared in his protest, if the evidence shall so warrant. *McCollum* v. *Thomason,* 32 *Ga. App.* 160 (122 S. E. 800); *Reynolds* v. *Kinsey,* 50 *Ga. App.* 385 (178 S. E. 200). The protestant contends that the true line is not the line marked by the processioners. Whether this is true or not is a question for the jury, and is the sole issue in the case. The only question for determination here is whether there was a sufficient return by the processioners to enable a jury to render a verdict thereon; or, in other words, whether by the introduction of evidence the return could be made sufficient to support a verdict. The return in this case, as amended, and as set out in the amended protest to the return, sets out that in marking the line in dispute a beginning was made at a named point a certain distance from the southeast corner of the lot, and that from that point ran in a straight line north, twelve degrees west, to the line dividing the north and south halves of the lot. As was held in *McCollum* v. *Thomason,* supra, "If the corners are established and the lines not marked, a straight line as required by the plat should be run. Civil Code (1910), § 3820. [Code of 1933, § 85-1601].

Upon ascertaining the location of either terminus as alleged in the protest, the course of the line toward the other terminus being shown, the latter could be also determined. · That is certain which may be made certain. In such a case the line is sufficiently definite, when, as here, a key to the identification is shown in the record. *Price* v. *Gross*, 148 *Ga.* 137 (2) (96 S. E. 4); *Boyd* v. *Sanders*, 148 *Ga.* 839 (98 S. E. 490)." It being a question for the jury as to whether the line marked is the true line, and the record disclosing a line sufficiently definite to be established if it should be found to be the true line, the court erred in dismissing the proceedings.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*