1. The evidence is in conflict as to whether or not the plaintiff and the defendant, coterminous landowners, had, just prior to the litigation, staked off and agreed upon the line contended for by the defendant as constituting the true and correct north and south boundary between them. Consequently, the jury were not compelled to recognize and set up the line thus staked as binding upon each of the parties.
2. The evidence authorized the jury, who also inspected the premises, to find that the hedgerow had been pointed out to the plaintiff by the defendant's predecessor in title as the dividing line, and that it had been recognized as such by the coterminous landowners, not only for seven years, but for more than twenty-four years, and that consequently the defendant, who the year before had acquired title to the northern lot, was bound accordingly. Williamson v. Prather, 188 Ga. 545
(4 S.E.2d 140); Sikes v. Mutual Benefit Life Ins. Co., 182 Ga. 858 (187 S.E. 61); Brown v. Hester, 169 Ga. 410
(2) (150 S.E. 556): Henderson v. Walker, 157 Ga. 856
(122 S.E. 613).
Judgment affirmed. All the Justiceconcur.
 No. 15130. APRIL 3, 1945.
G. K. Fraker brought a petition for injunction against Charles Wood, on account of trespass. He alleged that he was the owner of 80 acres, more or less, of land lot No. 93 in the 12th district and 3d section of Whitfield County, and that this tract was located in the south half of said lot. He further alleged that Wood was the owner of a tract of land which adjoined his land on the north. He further alleged that there was and had been, for more than twenty years before Wood purchased his property during the previous year, an old "fence row," which was and had been continuously recognized by the coterminous owners as the dividing line between his property and the property now owned by Wood. He alleged that Wood was attempting to establish a new and different line, in that he was attempting to build a fence about ten feet south of *Page 191 
the old "fence row" over upon the plaintiff's property. Wood by his answer admitted that Fraker was his coterminous land owner, but denied that the old "fence row" was the dividing line between his property and the property of Fraker, and set out what he considered the true dividing line to be. For further answer, he set up that four or five days before Fraker filed his suit in this case, he and Fraker measured off and set stakes on the dividing line between their properties, and that they had then agreed that the line thus established would constitute the true line, and that the fence was to be erected accordingly. The case proceeded to trial before a jury, and after the introduction of evidence by both parties, the jury, by agreement of the parties, was taken to the disputed premises. The plaintiff testified: that he had bought his lot, lying south of the defendant's lot and separated therefrom by a hedgerow, and had been in possession thereof under his deed for twenty four years; that the defendant was his coterminous landowner, he, the defendant, having bought the lot adjoining the plaintiff on the north the year previously. The plaintiff testified: that when he bought his lot the owner of the lot on the north pointed out the hedgerow to him as the dividing line, and it was so recognized by the then owner and by Mr. Crow, who owned the lot for eighteen years prior to the defendant's purchase of same ; and that during all of this time the plaintiff cultivated up to the hedgerow. As to the allegation in the plea relative to the line having been recently established and staked by agreement between the plaintiff and the defendant, the evidence of the plaintiff was as follows: "After Mr. Wood bought this property, as to what he said to me with reference to establishing or staking a line, if anything, well, he said some time he wanted me to help him; said the fence had got zigzagged, and it ought to be a straight line; he said, `Any line ought to be a straight line;' he said, `I want you to help me, and straighten that up some time.' During the time I told him I would give him all the wood on this hedgerow if he wanted to clean it up; it was shading me and shading him, and I wanted it cleaned up ever since I had been there. He said he wouldn't have time, he didn't guess, and after that, a few days or a week, he come back and says, `If you don't care, I will clean that up.' I told him to go ahead, I would give him all the wood. He got sick, and me and another fellow went up and cut part of it ourselves and pitched it *Page 192 
over in the pasture where they could haul it. He said the boy would haul it when he come in from work; we cut on it and piled it over there for him to haul. After he got it cleaned up, he said he wanted me to help him get the brush and sedge off, set it afire, and I went over to help him, and in straightening this line he wanted to bring it down here south of the hedgerow; I told him that that line had been there all these years, nobody objected to it, that it was right on the line, and we would just leave it there; he kept on arguing it would run here. I says, `Well, we will set up some stakes, and I will show you where it will run to.' We did; he said, `The corner is right here,' and there wasn't a thing there to show a corner, never been in the twenty-four years I have been there; I says, `You put up the stake; we will go back here and sight; I will show you how far down in the field that will run.' We did. I said, `We are going to use the line we have always used;' he says, `Well, I will have it surveyed;' says, `If that won't do,' says, `we will have a law suit.' When I set up these stakes to show him that it was going to get over on my property, as to how far over on my property the line as he wanted it would run, well, somewhere about ten or twelve feet, I never did measure it; it come down below the road that has always been there coming into my place; it got down below it by the time it got out nearly fifteen or twenty feet of the original north and south line; his last post was down below this road in the edge of my meadow, and come back at about a forty-five degree angle to the old line; the plat shows a straight line through both lots." There was contrary evidence by the defendant, but since the only question, under the general grounds of the motion for new trial, is whether the verdict and judgment for the plaintiff is authorized by the evidence, it is not here incorporated.