### ETHERIDGE *v.* GILLEN.

JENKINS, Presiding Justice. 1. The ordinary meaning of the word "appurtenances," as used in conveyances, has reference to incorporeal rights and privileges incident to the corporeal thing or interest conveyed. "It is a familiar maxim of the law that land can not pass as appurtenant to land." *Moss* v. *Chappell,* 126 *Ga.* 196 (4) (54 S. E. 968, 11 L. R. A. (N. S.) 398).

2. "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." Code, § 20-702.

3. In accordance with the foregoing principles of law, where a deed by its terms purports to define and specify all of the land conveyed by it, it is immaterial whether the word "appurtenances" may have been used by the parties for the purpose of specifying portions of land conveyed, or whether it is limited to such incorporeal rights and privileges incident thereto, since, in either event, no land other than that included by the terms of the instrument would be conveyed by the deed, except such additional land as would be indispensable to the proper use and enjoyment of the property covered by such terms.

4. The heirs at law of a deceased parent, D. E. Ponder, by deeds inter sese divided the real estate between themselves, the predecessor in title of the defendant in this suit thereby obtaining lot 198, except "that portion of said lot of land on which is located the old D. E. Ponder Mill and the water privileges appurtenant thereto." Under the deeds the four heirs retained as tenants in common "the D. E. Ponder Mill," which was located on lot 198. Each of the heirs deeded to the other "a one-fourth undivided interest in and to the said D. E. Ponder Mill, located on lot of land number 198 in the 24th district of Webster County, Georgia, together with all and singular the rights, members and ap-

purtenances thereunto belonging, including the land on which the mill-house and millpond and water privileges and water power is located." The plaintiff acquired two of the other interests in the mill, and the question made by the present suit and prayer for injunction is, whether the mill property includes, as claimed by the plaintiff and set forth in her petition, certain land adjacent to the mill, including an eight-acre hog pasture, used in connection with the mill, and on which eight acres there were hitching posts used by customers of the mill, and on which the miller's house was located. *Held*:

(*a*) Under the terms of the conveyance, the parties would seem to have made use of the word "appurtenances" as a method of specifically including, as such, certain named portions of land intended to be conveyed.

(*b*) The deed, in setting forth certain specified portions of land conveyed, either as "appurtenances" to "the D. E. Ponder Mill," or under the general mention of "the D. E. Ponder Mill," did not purport to specify all portions of the land embraced by the conveyance, but only set forth certain specified portions of land as being included thereby.

(*c*) Therefore it is unnecessary to determine whether, under the terms of the mutual deeds to the D. E. Ponder Mill, "including" certain named portions of land specifically mentioned, the plaintiff might stand upon the terms of the deed as written, and show that the "D. E. Ponder Mill" had, prior to such mutual conveyances, been marked off and defined, and its boundaries recognized by the deceased parent himself, in accordance with the lines set forth in the plaintiff's petition; and that the boundaries of the "D. E. Ponder Mill" were those recognized at and upon the signing and delivery of the mutual deeds; and that, since the disputed land was not excluded by the indefinite terms of the deeds, it was, therefore, the intent and purpose of the parties to the mutual conveyances to include it. See *Bunger* v. *Grimm*, 142 *Ga.* 448, 450 (83 S. E. 200, Ann. Cas. 1916C, 173); *Reeves* v. *Whittle*, 170 *Ga.* 408 (3) (153 S. E. 53, 72 A. L. R. 405); *Clark* v. *Cagle*, 141 *Ga.* 703 (2) (82 S. E. 21, L. R. A. 1915A, 317). It is unnecessary to determine this question, for the reason that "acquiescence for seven years by acts or declarations of adjoining landowners shall establish a dividing line" (Code, § 85-1602), just as effectually as where "the boundary line between two estates is indefinite or unascertained [and] the owners . . by parol agreement establish a division line." *Brown* v. *Hester*, 169 *Ga.* 410 (2) (150 S. E. 556). In either case, the line thus established will afterwards "control their deeds," notwithstanding the statute of frauds. *Brown* v. *Hester*, supra. While it does not appear that the plaintiff and the defendant (or his predecessor in title), had entered into any definite express agreement fixing the line between them as coterminous owners, it does appear without dispute that the previous owner, under mutual deeds of division of land lot number 198, and under whom the defendant holds, had at all times, and for much more than seven years, recognized and acquiesced in the boundaries of the D. E. Ponder Mill as claimed by the plaintiff, and had expressly declared them to be correct; and that for a period of much more than seven years the owners and operators of the mill property had used, possessed,

and occupied the property as thus established with the full acquiescence of the defendant's predecessor in title as well as of the defendant himself up until the breaking of the dam about two years prior to the date of the trial. Consequently, the acquiescence of the coterminous landowners for more than seven years in the line fixed by the indefinite terms of the mutual conveyances was sufficient to establish the validity of the line as claimed by the plaintiff and as set forth in her petition. *Bennett* v. *Swafford*, 146 *Ga.* 473 (91 S. E. 553).

(d) As to what the rule would be under the acquiescence rule, in a case where the muniments of title of the coterminous landowners had definitely identified the dividing boundary, is not a question here involved. See, in this connection, *Farr* v. *Woolfolk*, 118 *Ga.* 277 (45 S. E. 230); *Osteen* v. *Wynn*, 131 *Ga.* 209 (3) 215 (62 S. E. 37, 127 Am. St. R. 212); *Bennett* v. *Swafford*, supra; *Shahan* v. *Watkins*, 194 *Ga.* 164 (4) 168 (21 S. E. 2d, 58); *Yarbrough* v. *Stuckey*, 39 *Ga. App.* 265 (147 S. E. 160), and cit.

5. Under the foregoing principles of law and the undisputed evidence, the judgment setting up the boundaries contended for by the plaintiff will not be disturbed.     *Judgment affirmed. All the Justices concur.*

No. 15112. MAY 9, 1945.

*George Y. Harrell,* for plaintiff in error.
*Cleveland Rees* and *Dykes & Dykes,* contra.