33362. WILDER *v.* ROWELL.

Decided March 2, 1951. Rehearing denied March 16, 1951.

*W. B. Mitchell,* for plaintiff in error.
*W. J. Wallace,* contra.

Sutton, C. J. W. E. Rowell made written application to the land processioners of the 630th District, G. M., of Crawford County, to have the line between his land, known as the W. E. Rowell home place, containing 100 acres, and the land of W. E. Wilder surveyed and marked anew, said line being the western boundary line of the applicant's land, and being referred to as the line in dispute. The processioners fixed a date on which they, together with the county surveyor, would trace and mark anew said line and gave W. E. Wilder ten days' written notice of this, as required by law. The return of the processioners

shows that they, together with the county surveyor, at the appointed time, proceeded to trace and mark anew the disputed line, and they attached to their return a certificate of the county surveyor showing the survey made and the line traced and marked anew by them and the county surveyor, the certificate of the county surveyor being as follows: "Georgia, Crawford County. January 25th, 1947. Beginning at original land-line corner agreed upon by W. E. Rowell and W. E. Wilder, also by several witnesses and processioners, J. M. Andrews, B. A. Blasingame and N. G. Spillers, and running due south along west side of lot No. 23 in Second Land Dist., Crawford Co. Ga. to old run of Walnut Creek a distance of 800 feet, thence in zigzag direction down said old run following marked trees and plain signs of old run to Ulcahatchee Creek.

"Said line agreed upon by everyone present, witnesses, processioners and all, except W. E. Wilder.

"/s/ H. H. Carr,

"Surveyor, Crawford Co., Ga."

W. E. Wilder filed a protest in which he stated that he was dissatisfied with the line as run and marked by the processioners and surveyor, specifying that the line as run was not the true line, but that the true line was east of the one marked by the processioners and was marked by a barbed wire fence, and he asked that all of the papers, including the plat of the surveyor and his protest, be filed with the clerk of the superior court, as provided by law in such cases.

The case was tried in the superior court and the jury returned the following verdict: "We the jury find the line in favor of the applicant as established by the processioners." The following judgment was rendered by the judge of the superior court: "The jury having returned a verdict in favor of W. E. Rowell, applicant: It is ordered that said verdict be made the judgment of this court and that W. E. Rowell do have and recover of the protestant, W. E. Wilder, for use of officers of court, all costs in this cause accrued, costs to be taxed by the clerk of this court.

"This 22 day of March, 1950."

W. E. Wilder made a motion for a new trial on March 21, 1950, and voluntarily dismissed the motion on September 8, 1950,

and on that date made a motion in arrest of judgment. He alleged in the motion in arrest that (1) it appears from the record in said case that no valid verdict and judgment could be rendered on the processioning proceedings; (2) the record shows the following defects: that no processioning was had under the purported proceedings by the processioners and surveyor by reason of the return, to wit: (the certificate of the surveyor above referred to, the verdict of the jury, and the judgment of the court are quoted). It is alleged that said pleadings, return of the processioners and county surveyor, and the verdict are too vague and indefinite to authorize a judgment in said case. The motion in arrest was denied and overruled by the judge of the superior court, and the movant excepted.

■ A motion in arrest of judgment must be predicated on some defect which appears on the face of the record or the pleadings. Code, §§ 110-702 and 110-703. While it is true that, "If the pleadings are so defective that no legal judgment can be rendered thereon, the judgment will be arrested or set aside," (Code, § 110-704), it is also true that, "A judgment may not be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." Code, § 110-705.

Wilder, the protestant, raised no question in his protest, or otherwise, as to any defects in the processioning proceedings until after the verdict and judgment therein were rendered, his only contention being that the line traced and marked anew by the processioners and surveyor was not the true line between his land and the lands of the applicant, W. E. Rowell, but that such line was marked and designated by a barbed wire fence as stated in his protest, and he sought to have the jury establish the line described in his protest.

We think the line described in the return of the processioners and the certificate of the surveyor attached thereto was sufficiently definite as a basis for the verdict and judgment in this case. However, if there was any defect in the official return of the processioners and certificate attached thereto, such as being incomplete, the same was amendable at any stage of the proceedings. *Thornton* v. *Hitchcock*, 139 *Ga.* 749 (78 S. E. 179); *Hayes* v. *Wilson*, 60 *Ga. App.* 731, 733 (5 S. E. 2d, 97). An

amendable defect in such a proceeding is not a valid ground for arresting the judgment properly entered therein.

■ The judge of the superior court properly denied and overruled the motion in arrest of judgment in this case.

*Judgment affirmed. Felton and Worrill, JJ., concur.*