35883. McGINTY *v.* INTERSTATE LAND & IMPROVEMENT CO., INC.

DECIDED SEPTEMBER 29, 1955—REHEARING DENIED OCTOBER 13, 1955.

*Wyatt & Morgan,* for plaintiff in error.

*Wm. P. Trotter,* contra.

TOWNSEND, J. █ Error is assigned on the following portion of the court's charge: "Adjoining landowners may agree upon the

dividing line between them, and each will own up to the agreed line as fully as if it were a natural boundary or as if their respective deeds or grants called for it. Such agreement may be implied as well as expressed, and in either case the definite settlement of the boundary line not previously defined is a good and sufficient consideration to uphold the agreement. Where an agreement establishing a dividing line between adjoining property owners is followed by acquiescence and possession, the parties are concluded by their agreement, and when the acquiescence and possession have continued for the period of time prescribed by law, that is, 7 years, a perfect title by adverse possession is acquired." This portion of the charge was taken from a charge approved by the Supreme Court in *Zachery* v. *Hudson,* 138 *Ga.* 85, 87 (74 S. E. 768), and is a correct statement of the law. It was not erroneous as being contrary to the pleadings and evidence in this case for, although there was no evidence of any express agreement between the parties to this suit or their predecessors in title, there is evidence of acquiescence in the line as claimed by the applicant for a period of over 7 years in the testimony of Clifford Smith, who testified: that the disputed acreage was a part of the Glen lands; that he rented and farmed it in 1925; that between 1933 and 1948 he had an agreement with Mr. Glen that if he would put up a fence he could use the land for pasture; and that he ran a fence along most of the north line in line with the corner as pointed out to him by Glen, predecessor in title of the applicant. The witness Smith was the tenant of Glen during a part of the time. In erecting the fence at the point where it was put, he acted on Glen's authority and under his instructions. There is no evidence that there was any express agreement between Glen and McGinty, made through Smith or otherwise, that this line constituted the boundary, and under the testimony of McGinty it would appear that the fence was allowed to remain as put up by Smith through McGinty's permission. However, this is contradicted by the testimony of Smith, who said he never talked to McGinty about that piece of land in his life; and this evidence is sufficient to authorize the jury to find acquiescence on the part of Mrs. McGinty because of the knowledge of her husband, as shown by his testimony, that he knew the fence was there, and his further testimony that he managed that

property for her, and from the absence of testimony that any protest was made to the fence remaining for a period of over 15 years. Accordingly, the testimony was sufficient to support the charge as given, and this ground of the amended motion for a new trial is without merit. *Farr* v. *Woolfolk*, 118 *Ga.* 277, 280 (45 S. E. 230).

■ It is contended in special ground 2 that the court erred in instructing the jury that they might find in favor of the line as contended for by the processioners, or in favor of the line as contended for by the protestant, and in failing to inform them that they might find against the line determined by the processioners without finding specifically in favor of the protestant. Where all of the evidence in the case supports a finding for either the contentions of the applicant or the contestant, it was not error requiring reversal to charge the jury that they should find in favor of the contentions of one or the other of the parties. *Payne* v. *Green*, 84 *Ga. App.* 689 (67 S. E. 2d 195). This special ground fails to point out any evidence or any portion of the record from which the jury would have been authorized to return a verdict other than in accordance with the contentions of one or the other of the parties, and a special ground of a motion for a new trial which is not complete within itself and which requires reference by this court to the brief of evidence to determine its sufficiency will not be considered. *Trammell* v. *Shirley*, 38 *Ga. App.* 710, 715 (145 S. E. 486). Accordingly, this ground is without merit.

■ Special ground 3 is considered in connection with the general grounds. While there was strong evidence in favor of the protestant, by persons who had lived in the community for a number of years, that the line forming the dividing line between the premises of the parties ran west from a stone marker which was also the marker for the junction of four land lot corners, and that in so doing it followed the old land lot line, there was also evidence in favor of the applicant as follows: that directly north of this stone marker there was another similar stone marker which by general reputation marked the division point between the premises and that the line ran west of such marker until it intersected the north-south property line of the applicant; that this was the area fenced in and occupied by Clifford Smith under the direction of Glen for a period of 13 or more years; that there

was evidence of a roadway and a fence running in the direction of and approximately on or near this line, and also well defined old hedgerows. The protestant's husband, who managed her property for her, testified that they had never had a survey made and that it was possible he claimed some land to which he did not have title. Applicant showed that he was the owner of the "Glen lands", which were described in a number of deeds as being bounded on the north by the lands of McGinty or her predecessors in title and as containing 118 acres more or less. If the land contended for by applicant was not in fact a part of this tract, then the tract would only contain 45 acres, a very large discrepancy, and all of the witnesses for the protestant who identified the boundary as contended for by her did so on the theory that it was the northern boundary of the Glen lands. Further, the deed to McGinty and another deed dated 1930 to her predecessor in title conveyed lands in Land Lot 80 "north of Flat Shoals Creek" which would have excluded from the McGinty lands the area claimed by applicant as being a part of the Glen lands. There was no evidence as to actual possession by either party of the lands in dispute other than the testimony of Smith that he had used it for pasture as a part of the Glen lands; testimony that Mrs. McGinty had had some timber cut from the area; and also some testimony that a predecessor in title of the applicant had had some timber cut from the property.

Under Code § 85-1603, where actual possession has been had under a claim of right for more than 7 years, such claim shall be respected, and the lines so marked as not to interfere with such possession. Under Code § 85-1601, if the corners are established and the lines not marked, a straight line as required by the plat shall be run. Smith's testimony was sufficient to establish the stone contended by the applicant as the marker for the northeast corner of his tract of land, and there was no contention that a line run straight west from such corner would not be a correct line if the corner was a correct corner. Smith testified, "The fence line runs generally east and west, the best I could run it. . . I cut across the northeast corner. I pastured cows over there, from the time I put the wire up until I moved away in about 1948, and for about 2 years after, I believe it was, I left my cows down there. I put the fence up right about 1933." It

is well settled that the surveyor and processioners have no authority to make and establish new lines, but their duty is to trace and mark anew old lines or those that can be taken as having been formerly located and established. *Welch* v. *Haley*, 83 *Ga. App.* 492, 495 (64 S. E. 2d 364), and citations. However, "upon ascertaining the location of either terminus . . . the course of the line toward the other terminus being shown, the latter could be also determined." *Hayes* v. *Wilson*, 60 *Ga. App.* 731, 734 (5 S. E. 2d 97). The evidence is accordingly sufficient to show that the 65-acre tract lying in land lot 80 was a part of the Glen lands, and therefore the property of the applicant, and it was also sufficient to establish the stone contended for by the applicant as being the corner marker or terminus, from which a line might be projected west to join applicant's north-south line, as to which there was no dispute.

Nor does the testimony of William Bibb, a witness for the applicant, demand a contrary finding in that Bibb testified it was his job to locate the boundary line for his company, and that he originally surveyed a line 90 feet away from the line now contended for, but after making rechecks of known lines and acreage requirements he resurveyed the line as now contended for. Such testimony did not show that the applicant was attempting to establish a new line, but rather that it was attempting to establish a correct line which would "tie in" with the known possession of lands by other owners in the area. No such insistence upon the first survey by the applicant is shown in this record as to amount to an estoppel to contend for the slightly modified line to which the witness testified and which the jury found to be the true line between the lands of the parties to this action.

The trial court did not err in overruling the motion for a new trial as amended.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*