No. 140.—HENRY WATTS, plaintiff in error, *vs.* SAMUEL
GRISWOLD, defendant in error.

[1.] G owned a saw-mill near an uninclosed pine lot of land belonging to W.
For four or five years he cut stocks for his mill, made roads and cause-
ways; and for several years more cut lightwood and firewood off the land:
*Held*, that this was not such an open, notorious and visible occupation of
the premises, under the circumstances of the case, as to notify the true
owner of his intention to claim the fee.

Action for land, in Jones Superior Court.     Tried    before
Judge HARDEMAN, October Term, 1856.

This was an action brought by Samuel Griswold against
Henry Watts for the recovery of a lot of land.    The plaintiff
relied upon a statutory title of seven years peaceable, contin-
uous and  adverse possession ; the land was a  pine lot unin-
closed ; the proof was, that Griswold had a saw-mill near the
land, and for several years cut stocks for his mill, made roads
and causeways, and for other years  cut lightwood  and fire-
wood off the land.    Several errors are assigned, but the cause
turned upon the following request and charge.

Defendant requested the following charge :

" The  true owner of land cannot be  disseized without his
knowledge, nor the Statute of Limitations  run against him
while he has no  ground  to believe that his seizin has been
interrupted.    And plaintiff's possession to make a good stat-
utory  title must be open, notorious and visible for  the full
period of seven years, and that the occasional hauling of
wood or lightwood, or both, off of the land, is not such open,
notorious and visible possession as the law requires."

The Court said: " I give you this request in charge, with
these views of the Court, viz : If plaintiff went in under color
of title and used the land as his own, by going on it and cut-
ting sawlogs for his mill, and by  making roads and cause-
ways upon and through it for a time,  and then continued to
cut wood and  lightwood and hauled them off, and did such

acts and so used the said lot of land as to advertize the true owner or other party of the holding at all times during the seven years, that there was an adverse holding; and if this was kept up for seven years, it was sufficient to give plaintiff a statutory title; but if it ceased at all at any time during the seven years, it will not do.

J. RUTHERFORD, for plaintiff in error.

E. A. NISBET, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] There is but a single question in this case: did the facts proven constitute adverse possession of the lot of land in dispute, so as to ripen into a statutory title in behalf of Samuel Griswold, the plaintiff?

The testimony is brief: Griswold owned a saw-mill near this uninclosed pine lot; for four or five years he cut stocks for his mill and hauled them from the premises, and made roads and causeways for that purpose; and for several years more, cut lightwood and firewood for the rail road off the land. It is conceded, for the purposes of this decision, that this kind of user continued for seven years. Was this such an open, notorious and visible *occupation* of this property, under all the circumstances of the case, as to manifest an intention on the part of Griswold to claim the fee? We think not. And no case, we apprehend, can be found to warrant such a conclusion. If such were the law, the title of almost every proprietor of uninclosed real estate in the neighborhood of all of our cities, towns and villages, would be jeopardized. For who has been fortunate enough to escape intrusions and trespasses—similar in character at least, if not to the same extent? We can hardly conceive of a case where such acts as these would perfect a statutory title. The fallen logs removed for lightwood and firewood, and which constitute no part of the *realty*, would scarcely be missed or ob-

served by the owner, unless very familiar with his grounds; and the timber cut and carried away for lumber would only indicate by the stumps and tops which were left, that some wrong-doer or wrong-doers were making pretty free use of that which did not belong to them; but this would fall far short of conveying to the tenant in fee, notice that his right to his domain was seriously controverted. Unlike the building a house, the cultivation of a field, the digging a mine, or even the belting of a pine forest for turpentine, the acts of trespass, established by the evidence, are too roving and discursive to suggest the idea of a *continuous* possession. It does not appear but that this lot of land, or some portion, might not have been used for tillage or other purposes.

But we forbear to proceed further upon this beaten path. That Griswold *bona fide* claimed this land under color of title, is not disputed. He bought it, took a deed for it which was duly recorded, paid taxes on it and appointed an agent to overlook it. But notwithstanding all this, we are clear that his occupancy was not of such a character as to bar the right of entry of the grantee or true owner, and the Circuit Judge should have instructed the Jury accordingly.