CHRISTIAN *et al. vs.* WEAVER *et al.*

1. It is a misapplication of the laws of this State on the subject of processioning, to use them for ascertaining boundaries between town lots and an adjacent tract, these laws being intended for operation upon the boundaries dividing rural lands only. After town lots have been laid off, sold and used as such, the question of boundary on the side of adjacent rural lands becomes one be-

tween the town lots and the adjacent rural tract, and ceases to be one directly between that tract and the original tract from which the town lots were laid off.

2. Any actual possession under a claim of right, which has continued for more than seven years, is, by §2389 of the code, to be respected by processioners, whether it originated in permission or not. The question with which processioners deal is not one of prescription, but of boundary.

November 29, 1887.

Processioning. Boundaries. Prescription. Before Judge WELLBORN. Lumpkin Superior Court. April Term, 1887

In April, 1886, five persons gave notice to five others of an intended processioning, to locate and establish the line between original lots 664 and 667 in a certain district and section. The movants, or some of them, were owners of town lots laid out from 664, adjacent to lot 667, which, as the record indicates, remains a rural tract. The respondents were owners of the rural tract. The processioners, assisted by the county surveyor, ascertained and marked the original line dividing 664 and 667, and made return of a plat, etc. The respondents filed their protest, claiming that the line was located too far east by forty feet, and asserting their long continued possession. The issue thus formed was tried by a jury in the superior court. The evidence showed that when the line was run by the processioners, the respondents had actual possession of, and were cultivating, all the disputed space, and they and those under whom they claimed had been in actual possession of the same for thirty or forty years, cultivating and claiming it as their own. There was evidence that, at a time not definitely ascertained, permission was applied for and given to "join fences," and this was all the evidence there was of permissive possession. Some of the evidence tended to show that the disputed space included a back street laid out from and on the border of No. 664, which street, if opened, would separate the town lots from

the rural lot No. 667. This street was probably laid down in the plan of the town, but, so far as appears, had never been opened; it was known only by reputation. The court charged the jury that if the possession and cultivation were merely permissive, the same could not be adverse, and that no title by prescription would accrue. The jury sustained the return of the processioners. A new trial was denied.

WEIR BOYD, by brief, for plaintiffs in error.

PRICE & CHARTERS, by brief, for defendants.

BLECKLEY, Chief Justice, (after stating the above facts.)

1. The law of processioning (code, §§2384, 2393,) applies, we think, to the country, to rural lands where there are boundaries to be traced by landmarks, trees, fences, etc. And it is a misapplication of the law to apply it to towns, either as between town lots, or between those and adjacent rural tracts.

This was an application to define the line between original lots as laid off by the State, numbers 664 and 667, lying side by side. 664 had become a part of the village of Auraria, Lumpkin county, and had a street through it from one side to the other; and the proprietors who wanted the line settled were not owners of the whole of that lot, but owners of town lots carved out of it, abutting on the open street and running back east towards 667. And it appears that there was some reputation of a street east of these lots, which, if it had ever been opened, would have terminated then before they got to 667. The proprietors of 667 had been in long and continuous possession of this disputed belt or space, and were so at the time this processioning was begun. It is very apparent that this law does not apply to the case. If they have a disputed village boundary, they ought to settle it by some sort of action, and not by processioning the original lot, to which,

as a whole, they do not assume to have any sort of title, so far as the record shows. It does not seem to be a direct question as to the boundary between the two original lots, but a question of the boundary between the town lots and the adjacent country tract. So we hold as laid down in the first head-note prefixed to this opinion.

In this case, there was no intimation in the proceedings that there was going to be an effort to settle the boundary between the town lots and 667. It seemed to be a proceeding for the sole purpose of settling the boundary between 664 and 667, and so far as we can see in the record, nobody interested in 664 was a party, except those owning these little town lots; but this point was not made in the court below, and the case is not ruled by it. We merely, for the general interests of law, indicate our construction of the purpose and object of the processioning statutes. But the next point we rule is made in the record and controls the case.

2. Section 2389 of the code is in these words: " Where actual possession has been had, under a claim of right, for more than seven years, such claim shall be respected, and the lines so marked as not to interfere with such possession." Very often the possession is matter of permission or consent, and when so is the very thing to be respected. If coterminous proprietors agree that one shall hold up to a certain boundary, and that holding continues for seven years under a claim of right, it is the very best way to settle the boundary; and here there appears to have been no dispute about it for from twenty to forty years,—I cannot tell exactly how long from the record, but it has been a great length of time that these respondents have been in continuous use and occupation of this property. There is no trace of any consent or permission except to join fences; and we think that the charge of the court had really no application in so far as prescription is concerned. The processioners are not to go into the question of prescription, but simply into the question of fact, as to whether

the possession has been held for seven years under a claim of right. There is no dispute in this record that the possession had been for as much as seven years, and under a claim of right; and yet this territory that was so occupied was taken away from the respondents, and all this length of possession seems to count for nothing. Even if the charge of the court were correct, we think the verdict is contrary to law and to the evidence. There is nothing indicating any permissive possession, or the idea that one was holding for another, except this testimony about joining fences; and that does not imply that the person who brings his fence up to the fence of another is holding for the other or for any one but himself. So we reverse the judgment, and rule that the court ought to have granted a new trial. Indeed the whole proceeding is a misconception.

Judgment reversed.