Va. & Ga. train when he should have been looking out for a train on defendant's track, if they believe he was doing any of these things and they were acts of negligence, and otherwise he would not have been injured, then plaintiff cannot recover.

W. W. Brookes, W. T. Turnbull and J. Branham, for plaintiff in error.

Wright, Meyerhardt & Wright, *contra.*

---

## WALKER *v.* HUGHES.

1. A deed is not relevant as color of title without evidence of possession under it, and possession cannot be established by evidence of general reputation in the community, nor by "what was understood and recognized," nor by the fact that a witness did not know of any adverse possession, nor by the declarations of the grantee in the deed that the property was his, such declarations not being admissible save to characterize a possession otherwise proved.

2. It does not affirmatively appear that the court abused its discretion in interrupting counsel or in interposing in the examination of witnesses.

3. A party cannot obtain a new trial because, in the examination of his own witness, he drew out of him the fact that he made a deed conveying the land in question, which conveyance the witness treated as an abandonment by him of the possession which he had previously had of the property, the court making no ruling on the admissibility of the evidence, or upon any motion to exclude it or withdraw it from the jury.

4. The evidence failing to make out a *prima facie* case in behalf of the plaintiff in *fi. fa.*, the court did not err in dismissing the levy on motion of the claimant.          *Judgment affirmed.*

August 1, 1892.

Claim.  Evidence.  Title.  Possession.  Practice. Before Judge Maddox.  Floyd superior court.  September term, 1891.

The case of Henry Walker, plaintiff in *fi. fa.*, against R. T. Hargrove *et al.*, defendants in *fi. fa.*, and B. I. Hughes, claimant, came to be tried, and the plaintiff introduced his *fi. fa.*, which was issued upon a judgment

rendered November 18th, 1884, by a justice of the peace; also, the testimony of a constable, that on June 4, 1888, he made the levy of this execution on the land which, was pointed out by plaintiff, and which was a vacant lot; also, a deed from Shorter's executors to R. T. Hargrove, dated July 31, 1883, conveying the lot levied on. The plaintiff then offered, as color of title, a deed from the marshal of the city of Rome to Shorter, dated January 2, 1872, purporting to have been made under a sale for city taxes. It was objected to because not accompanied by the tax *fi. fa.* under which the sale was recited to have been made, and because there was no evidence of possession held under the deed. The plaintiff introduced as witnesses Z. B. Hargrove and R. T. Hargrove, and offered to prove by them the general reputation in the community of Shorter's possession, and what was understood and recognized concerning the notoriety of Shorter's possession, and that they knew of no one holding the lot adversely to Shorter, and statements by Shorter that the property was his and that he was in possession, etc. All this testimony was rejected. In the testimony of R. T. Hargrove he stated that he abandoned possession of this property at the time of his failure, June 24, 1884, and in answer to the inquiry, what he meant by abandoning possession, etc., he stated that on the date mentioned, he made a deed conveying the property to one of his creditors, and that he never afterwards claimed possession. The levy was dismissed on motion of the claimant, because no possession in any of the defendants in *fi. fa.* since the date of the judgment, had been shown. The plaintiff excepted, making numerous assignments of error, which are sufficiently indicated by the head-notes.

H. Walker and C. Rowell, for plaintiff.

Dabney & Fouché, for claimant.