CATOOSA SPRINGS COMPANY *v.* WEBB.

There was nothing in the evidence to authorize a submission to the jury of the question whether the line between the two estates had been acquiesced in for seven years, as shown by acts or declarations of the adjoining landowners.

Argued April 15,—Decided May 13, 1905.

Processioning. Before Judge Fite. Catoosa superior court. October 17, 1904.

*Payne & Payne* and *R. J. & J. McCamy,* for plaintiff in error. *W. E. Mann,* contra.

COBB, J. Webb was the owner of lot 198 and the Catoosa Springs Company was the owner of lot 197 in the 28th district of Catoosa county. The dividing line between these lots was in controversy. Processioners were appointed to mark the line, and the

company filed a protest to their return.     The issue thus made up came on for trial in the superior court, and resulted in a verdict in favor of the line as marked by the processioners and as contended for by Webb.     The evidence abundantly authorized, if it did not demand, a finding that the original survey called for the line as contended for by the company.     Webb contended that even if the line as claimed by him was not according to the original survey, acquiescence for seven years, by acts and declarations of the present owners of the lots and those under whom each claimed, had established the line as marked by the processioners.     The judge submitted this question of acquiescence to the jury, and this is assigned as error, and is the controlling question in the case as here presented.     To establish a line by acquiescence, it must appear that the owners of the property to be affected by the establishment of the line either acted in such a manner for a space of seven years, or made such declarations during the continuance of that period, as to show that the line claimed was the true line between the estates.     While there is in the record evidence of a recognition of the line as claimed, there is not sufficient evidence to authorize a finding either that the owners agreed upon this line, or that this recognition continued for such a length of time as to amount to an acquiescence for seven years.     There are witnesses who testify that the adjacent landowners aquiesced in this line, but upon a close analysis of their testimony it appears that this was really nothing more than mere neighborhood notoriety and not based upon any specific acts or declarations.     A careful scrutiny of the entire evidence fails to disclose either an act or a declaration which could be made the foundation for a finding that there had been an acquiescence for seven years in the line claimed.     The case should have been submitted to the jury simply on the issue as to whether the evidence was sufficient to show that the line as marked by the processioners was the line of the original survey ; and it was erroneous, under the present evidence, to charge upon the subject of acquiescence for seven years by acts or declarations.

*Judgment reversed.   All the Justices concur, except Candler, J., absent.*