GEORGIA & FLORIDA DEVELOPMENT COMPANY *v.* BUCK.

FISH, C. J. 1. The petition was not demurrable on the ground that there was a misjoinder of causes of action, in uniting an action ex delicto with an action ex contractu.

2. A deed contained the following description: "Seven thousand, five hundred and seventy-eight acres, more or less, lying and being in the 32nd Dist. G. M., Charlton County, Georgia, bounded on the North by Folkston lands, Edward lands, Cooner lands, and lands of John Vickery, East by Mollette lands and St. Mary's River, South by St.

Mary's River, and West by Spanish Creek and lands of John Wilson. Except so much of the above-described land as has been previously sold, which has been deducted from the total number of acres included in said boundary." A petition was filed, seeking a reformation of such deed, alleging a deficiency in the number of acres, and seeking to recover on the warranty contained in the deed for such deficiency. The plaintiff alleged, "that during the negotiations preceding the actual sale, and at the time of making the sale, and at the time of executing and delivering the deed, it was the understanding of both parties thereto that the boundaries in the deed described a tract or body of land containing about 10,000 acres, and it was mutually intended to convey all of said land within said boundaries in said deed, except the amount previously sold off, and that decreed to belong to J. E. Bryant et al. And it was mutually understood that the amount of land in the tract previously sold and deducted under the Bryant et al. decree aggregated 1800 acres, more or less, and that there was left 7578 acres then belonging to the defendant, . . which said 7578 acres he agreed to sell and convey to petitioner, at one dollar per acre, amounting to $7578.00; said agreement to sell and convey being by the acre, and not by the tract." *Held*, that, under the allegations of the petition and the description contained in the deed, it is apparent that the sale was by the tract, and not by the acre, although in one part of the petition the plaintiff alleges that the contrary was true.

(a) Where the plaintiff alleged that it was the understanding of both parties that the boundaries in the deed described a tract or body of land containing about 10,000 acres, and it was mutually intended to convey all of said land within said boundaries in said deed, except the amount previously sold off and that decreed to belong to [named persons], and "that the amount in the tract previously sold and deducted under the . . decree aggregated 1800 acres, more or less," such allegations are inconsistent with a sale by the acre and a covenant that the tract of land contained an exact number of acres. "1800 acres, more or less," can not be subtracted from a tract of land included within certain boundaries and "containing about 10,000 acres," so as to leave an exact number of acres as a result. Such allegations as to the contract must be taken most strongly against the pleader, and are not cured by mere general statements that the sale was understood to be and was in fact by the acre.

3. Under the allegations of the petition, the plaintiff did not make out a case authorizing a reformation of the deed in regard to the quantity of land conveyed, or the manner of its conveyance by the tract instead of by the acre, nor did it show that the plaintiff was authorized to recover for a deficiency in the quantity of land.

4. The petition contains some allegations to the effect that by an oversight the deed was headed, "State of Georgia, Clinch County," but was actually executed in the State of Florida, and that the plaintiff can not offer the deed in evidence as a registered deed without having it corrected in this particular. In the briefs of counsel for plaintiff in error no reference is made to this allegation, but the case was argued alone on the points decided in the preceding headnotes. This court, there-

fore, will not determine this question, but will affirm the judgment without prejudice to the right of the plaintiff to institute another proceeding, with proper allegations, to seek to obtain a reformation of the deed in this particular, should it be so advised.

*Judgment affirmed. All the Justices concur.*

JUNE 24, 1910.

Equitable petition. Before Judge Mitchell. Tift superior court. July 7, 1909.

*Isaac S. Peebles Jr.* and *Smith & Foy*, for plaintiff.

*C. W. Fulwood, J. B. Morrow,* and *J. J. Murray,* for defendant.

*Judgment affirmed. All the Justices concur.*