23204. BEELAND, administrator, *v.* BUTLER PAYNE LUMBER COMPANY *et al.*

Decided February 17, 1934. Rehearing denied March 3, 1934.

*Jule Felton, Jule W. Felton,* for plaintiff.

*C. W. Foy,* for defendants.

MacIntyre, J. 1. Where the plaintiff sued the defendants for damages for cutting timber on a certain part of lot number 39 in the 15th district of Taylor county, Georgia, which plaintiff claimed as his property, and where the plaintiff showed twenty years' possession of land north of Patsalaga creek in said lot and introduced a deed dated in 1907 to the north half of said lot, containing 101¼ acres, more or less, which, according to a survey introduced in evidence by the plaintiff, showed that the north half of said lot is 101¼ acres north of an east and west line drawn across the center of the lot, and that there were 28 5/6 acres of land of this north half of the lot south of Patsalaga creek, the timber on this 28 5/6 acres being the timber sued for, and where the two oldest deeds introduced were one dated in 1851 in the defendant's line of title, and

one in 1858 in the plaintiff's line of title, both reciting that a certain creek known as Patsalaga creek constituted the boundary between the north and south half of said lot, which, if true, gave to the defendants title to the 28 5/6 acres above mentioned where more than seven years' actual possession of part of the land described in the deed of 1851 is shown by the grantee therein, and subsequent deeds showing no overlapping with reference to the boundary between the two parcels, that is, the north and south half of lot number 39, until a deed to the plaintiff's grantor in 1903, prescriptive title to all that part of land lot number 39 lying south of Patsalaga creek ripened in defendants' grantees before such overlapping, and where the evidence fully established full acquiescence for such long period of time by prior owners as to such creek being the boundary as recited in the deeds, the judge properly directed a verdict in favor of the defendants, where the plaintiff showed no actual, open, notorious, continuous and adverse possession of the 28 5/6 acres for a length of time sufficient to make out any title thereto by prescription. See, in this connection, *Crawford* v. *Verner*, 122 *Ga.* 814 (50 S. E. 958) ; Powell on Actions for Land, 419-20 ; Civil Code, §§ 4163, 4164, 4165, 4166, 4168, 4169.

2. However, the judge erred in directing a verdict for the defendants as to damage caused by cutting the timber on the 1 1/3 acres of land, also in controversy, lying wholly in land lot number 40. The plaintiff introduced a deed showing title to all of lot number 40, and proved seven years' possession of a part thereof, and defendants showed no paper title and no title by prescription in themselves or their predecessors in title; and no such acts or declarations by the owners of the property as would amount to acquiescence was shown (*Catoosa Springs Co.* v. *Webb,* 123 *Ga.* 33, 50 S. E. 942) ; and a cutting of the timber thereon by the defendants would amount to a trespass for which plaintiff could recover damages. The case is returned to the trial court with direction that proceedings be had in accordance with this opinion.

*Judgment affirmed in part and reversed in part, with direction. Broyles, C. J., and Guerry, J., concur.*