## SMITH v. BAILEY.

JENKINS, Justice. 1. While under the Code, §. 33-101, "a plaintiff in ejectment must recover on the strength of his own title, and not on the weakness of the defendant's title," under § 33-102 he "may recover . . upon his prior possession alone, against one who subsequently acquires possession of the land by mere entry and without any lawful right whatever." Where reliance is had upon possession alone, and not upon possession under color of title, the possession must be actual; but where, as here, the possession is accompanied by color of title, the possession relied upon may be either actual or constructive. *Wilcox* v. *Moore*, 118 *Ga.* 351, 353 (45 S. E. 400),

2. The processioning statutes of this State not having application to a determination of the boundaries of coterminous lots located within the corporate limits of cities and towns (*Christian* v. *Weaver*, 79 *Ga.* 406, 408, 7 S. E. 261), an action of ejectment for recovery of land in a city, taken over by an encroachment of an adjacent-lot owner, constitutes a proper remedy for establishment of the true dividing line in such a dispute. Accordingly, where a plaintiff in ejectment against the owner of an adjacent city lot shows prior possession under a color of title of the lot occupied by him, and where the defendant (adjacent-lot owner) has shown no superior title to the lot thus occupied by the plaintiff, and where the only conflict in the evidence is whether the property sued for lies within the boundaries of the plaintiff's lot or within the boundaries of the adjacent lot of the defendant, the essential question, in determining title to the land in dispute, is one of boundary only. Therefore it is not error to charge the jury that the question is one "'of fact as to where the line is between the two parties."

3. Upon the question as to whether the plaintiff or the defendant showed prior constructive possession of the strip of land in dispute, as distinguished from the question of ownership of their respective lots, the evidence was in conflict. Each showed undisputed possession of her own lot under title or color of title. Each claimed that the extent of her possession was governed by the same recorded plat, which indicated both lots. Each introduced testimony by surveyors, tending to substantiate her claim that the strip of land in dispute was embraced within the boundaries of the lot occupied by her. On this issue the jury were authorized to find, as they did, in favor of the plaintiff.

4. Under the rules stated above, there is no need to adjudicate the defendant's contention that the plaintiff failed to show a good paper title, because, although she showed that her grantor was a widow and sole heir at law of a deceased husband, she failed to show either that the estate had been administered, or that, in the absence of such administration, there were no debts, so as to vest title in the grantor widow, under the Code, § 113-903.

5. The "improvement act" of 1897 (Ga. L. 1897, pp. 79-81; Code, §§ 33-107 to 33-110, inclusive) authorizes an allowance to a defendant, in the same ejectment case in which the plaintiff recovers, of any excess in value of the defendant's improvements on the land involved over the mesne profits, and in proper cases provides for a sale of the recovered land by a commissioner and a division of the proceeds between the parties "in the ratio or proportion that the . . value of the land itself bears to the amount of said excess of value of improvements over the mesne profits." The statute does not by its terms provide for a case such as this, where one lot-owner by his improvements merely encroaches upon the lot of another by erecting a building partly on his own lot and partly on the land of the complaining party. Even if in such a case a superior court, as one of equity, could decree, as prayed in the defendant's answer, that not only the land in dispute and the part of the improvements thereon, but also all of the adjoining land of the defendant that contains such improvements, be sold, and that the proceeds of such sale be divided in proportion to the amounts of the real estate belonging to the plaintiff

and the defendant respectively, the court did not err in failing to submit this defense to the jury, since the evidence wholly failed to show, as required by the statute, the value of the only part of the land in dispute; and the evidence failed to show what enhancement of value, if any, of the land in dispute was brought about by the encroachment thereon of the small part of the defendant's dwelling-house which extended over on the plaintiff's property in a triangle, consisting of only five feet at the front and running back to a point on the true dividing line at the rear.

6. It appearing that the defendant in building the improvement encroaching over upon the land of the plaintiff acted in good faith, it is directed that the superior court retain jurisdiction for the purpose of adjusting such equitable rights of the defendant, if any, regarding the improvements as may be authorized by law under proper pleadings and evidence. Code, § 6-1610.

*Judgment affirmed, with direction. All the Justices concur, except Beck, P. J., and Atkinson, J., who dissent from the direction given.*

No. 11585. FEBRUARY 13, 1937.

*Clark Edwards* and *W. D. Tutt,* for plaintiff in error.
*J. T. Sisk,* contra.