SHAHAN *v.* WATKINS *et al.*

No. 14104.   JUNE 18, 1942.

166

*G. W. Lankford,* for plaintiff in error.  *Shaw & Shaw,* contra.

DUCKWORTH, Justice. ■ The evidence showed that the plaintiffs had paper title to lot 168, of which the three-acre tract of land in dispute was a part. In 1909 the father of the plaintiffs, their predecessor in title, obtained a deed to lot 168 "containing 157 acres, more or less." The defendant introduced deeds showing that his father in 1899 obtained title to a half undivided interest in lot 168 by a deed describing the lot as containing "160 acres, more or less," and that in 1903 he joined with the owner of the other half interest in a deed conveying lot 168 "containing 157 acres, more or less," to David Smith, the grantor of the deed to the plaintiffs' father. It is urged that these deeds show that it was the intention of the defendant's father to except from lot 168 the three-acre tract here involved. While such might have been the intention of the parties, this intention could not be carried into effect by merely describing the lot as containing 157 acres, more or less, instead of 160 acres, more or less, as it had been described in previous deeds. As written the deed purported to convey the entire lot. If the deed did not express the intention of the parties, reformation should have been sought. Such has not been done.

The evidence showed that the plaintiffs and their father have been in actual possession of a portion of the lot since 1909, when the father took possession under his deed. While the evidence did not demand a finding that they had been in actual possession of the tract in dispute, their actual possession of a portion of the lot coupled with their paper title gave them constructive possession of the entire lot. Code, § 85-404. This evidence was sufficient to show title in the plaintiffs.

■ The defendant contends, however, that the evidence introduced by him to the effect that the father of the plaintiffs made oral admissions during his lifetime that the land in dispute did not belong to him, but belonged to the father of the defendant, was sufficient to authorize the jury to find that the plaintiffs did not have title. There is no merit in this contention. As said in *Compton* v. *Cassada,* 32 *Ga.* 428, "titles to land can not be created by mere verbal declarations of this character without overturning the statute of frauds." The deed to the plaintiffs' father having conveyed to him the entire lot, he could not effectually limit the description of the deed by mere oral admissions.

■ If the defendant had been able to show that his father had been in adverse possession of the tract of land in dispute for the requisite period of twenty years, he would have been able to show that the plaintiffs did not have sufficient title to authorize them to obtain the relief sought. Actual adverse possession by one claimant is inconsistent with and will prevail over mere constructive possession by another claimant. *Brookman* v. *Rennolds,* 148 *Ga.* 721 (8) (98 S. E. 543). The evidence, however, failed to make out a case of adverse possession. It appeared without dispute that the tract involved had never been cleared or cultivated and had never been fenced. The defendant introduced evidence that his father had had the timber on the tract cut in 1910 or 1911, and showed that he had collected from the county for soil removed therefrom by the county a few years before this suit was filed. There was also evidence that it was understood in the community that the defendant's father owned the tract. This evidence was insufficient to show adverse possession. *Wood* v. *McGuire,* 15 *Ga.* 202; *Watts* v. *Griswold,* 20 *Ga.* 732 (65 Am. D. 647); *Long* v. *Young,* 28 *Ga.* 130; *Durham* v. *Holeman,* 30 *Ga.* 619 (4); *Carrol*

v. *Gillion,* 33 *Ga.* 539 (2); *Walker* v. *Hughes,* 90 *Ga.* 52 (15 S. E. 912).

"Acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line." Code, § 85-1602. While there was some evidence that the plaintiffs' father admitted during his lifetime that his property only went to the edge of the property in dispute, and acquiesced in the line as claimed by the defendant's father, the principle of law stated above is not applicable in the instant case. "When a boundary line is established by consent, the coterminous proprietors hold up to it by virtue of their title deeds, and not by virtue of a parol transfer of title." *Osteen* v. *Wynn,* 131 *Ga.* 209, 215 (62 S. E. 37, 127 Am. St. R. 212). The evidence does not disclose that the defendant's father or any one under whom he claimed held title to the three-acre tract or other adjoining property at the time of the acquiescence here shown. To apply this principle here would not be to fix the line between coterminous owners, but would give title to land by parol. This can not be done.

Under the rulings stated above, the deed to the defendant from his father could have had no bearing on the result if it had been admitted in evidence. We therefore need not consider whether its rejection was erroneous. The evidence demanded the directed verdict, and the court did not err in overruling the motion for a new trial. *Judgment affirmed. All the Justices concur.*