VEAL *v.* BARBER *et al.,* trustees.

No. 14830.   MAY 3, 1944.

*Clifford E. Hay,* for plaintiff in error.

*Hoyt H. Whelchel, John T. Coyle,* contra.

DUCKWORTH, Justice. ■ The verdict for the petitioners was authorized by the evidence, only if acquiescence by acts or declarations of the adjoining land owners established the dividing line, as. provided in the Code, § 85-1602. As to acquiescence by the defendant in this line, the evidence authorized a finding that in 1916 the defendant by declarations acquiesced therein, and was sufficient to authorize a finding that the petitioners, by acts for more than seven years, acquiesced in that line as being the dividing line between the properties. Therefore the evidence was sufficient to show the establishment by acquiescence of the line found by the jury as the true dividing line. *Catoosa Springs Co.* v. *Webb,* 123 *Ga.* 33 (50 S. E. 942); *Osteen* v. *Wynn,* 131 *Ga.* 209 (62 S. E. 37, 127 Am. St. R. 212); *Zachery* v. *Hudson,* 138 *Ga.* 85 (74 S. E. 768); *Gornto* v. *Wilson,* 141 *Ga.* 597 (81 S. E. 860); *Hailey* v. *McMullan,* 144 *Ga.* 147 (86 S. E. 315); *Shiver* v. *Hill,* 148 *Ga.*

616 (97 S. E. 676) ; *Brookman* v. *Rennolds,* 148 *Ga.* 721 (98 S. E. 543).

But the movant strongly contends that the rule declared in the Code, § 85-1602, has application only in processioning proceedings of rural land, and has no application in this case, where title to land located within the corporate limits of a city is to be adjudicated. In support of this position counsel cites *Christian* v. *Weaver,* 79 *Ga.* 406, 409 (7 S. E. 261) ; *Standard Oil Co.* v. *Altman,* 173 *Ga.* 777 (161 S. E. 353) ; *Smith* v. *Bailey,* 183 *Ga.* 869 (189 S. E. 905) ; *Bradley* v. *Shelton,* 189 *Ga.* 696 (7 S. E. 2d, 261) ; *Shahan* v. *Watkins,* 194 *Ga.* 164 (21 S. E. 2d, 58). There is language in some of the opinions in these cases that would appear to support the movant's contention, but a fair analysis of each case demonstrates that it does not support it. The *Christian* case expressly states that the question was not there involved, and that the case was decided upon another point; and this court there said that its statement that the processioning statute applied only to rural land and not to city lots was made for the purpose of making known the court's view as to the construction of that law. Therefore the statement was clearly obiter dicta and constitutes no legal ruling on the question. The *Standard Oil Company* case involved a charge containing the provisions of the Code, §§ 85-1601, 85-1602, and 85-1603, which were lumped together; and while it was there ruled, after citing the *Christian* case with apparent approval, that the charge was erroneous, it was further stated in the opinion that some of the law embraced in the charge was applicable both to cases of processioning and to cases involving title to land, and the only portion of the charge specified in the opinion as erroneous was that embracing § 85-1603. The damage in this part of the charge was declared to lie in the fact that it caused the jury to believe that adverse possession for seven years, despite lack of paper title, would give good title. Under the Code, § 85-406, possession, in the absence of color of title, must be continuous for a period of at least twenty years before such possession can ripen into a prescriptive title. That opinion points out the difference in the questions for determination by processioners and the questions involved in suits to recover land. Processioners determine the location of lines as they actually exist, and not lines as they ought to be. Suits for the recovery of land require juries to fix lines as

they ought to be. See *Amos* v. *Parker,* 88 *Ga.* 754 (16 S. E. 200); *Bowen* v. *Jackson,* 101 *Ga.* 817 (29 S. E. 40); *Crawford* v. *Wheeler,* 111 *Ga.* 870 (36 S. E. 954); *Walker* v. *Boyer,* 121 *Ga.* 300 (48 S. E. 916); *Wheeler* v. *Thomas,* 139 *Ga.* 598 (77 S. E. 817); *Boyce* v. *Cook,* 140 *Ga.* 360 (78 S. E. 1057). The *Smith* case, conceding on the authority of the *Christian* case, that processioning statutes are inapplicable to the determination of boundaries of coterminous lots located in cities or towns, ruled that ejectment was a proper remedy, where the defendant, an adjacent owner of city land, had by encroachment taken over the petitioner's land. The ruling simply states that processioning proceedings under the law were inapplicable to the city property in that case. Nothing was there decided which would prevent the rule of law, declared in the Code, § 85-1602, as to the establishment of a dividing line by acquiescence, from being applied in a suit for land where the evidence shows such acquiescence, and the paper title of the litigants embraces the land to the line thus established. While in the *Bradley* case it does not appear that title was directly involved, the suit sought to enjoin a trespass which indirectly involved title, and it was there held that the acquiescence rule stated in § 85-1602 was applicable. The *Shahan* case held that the acquiescence rule in § 85-1602 was inapplicable to the facts in that case, where it affirmatively appeared that the party seeking to have the rule applied had no title whatever to the land involved. In that situation, in order to acquire title by possession, his possession must have continued for twenty years under the Code, § 85-406. He could not acquire title by adverse possession, without color of title, in seven years. We think that the plain deduction from all that is ruled in the foregoing decisions is that § 85-1602 and other sections of the Code, comprising the processioning law of this State, authorize proceedings thereunder to mark land lines of rural land, but not of lands located inside the corporate limits of cities or towns; and in suits to recover land, whether rural or city, where title is otherwise shown, acquiescence by acts or declarations for seven years in a dividing line by adjacent owners establishes such line as the true line, and that § 85-1602 is applicable in such cases. In *Ivey* v. *Cowart,* 124 *Ga.* 159, 162 (52 S. E. 436, 110 Am. St. R. 160), a suit to recover land, it was said: "If the location of the line was uncertain, and the parties to the controversy, or their predecessors

in title, while holding it, had acquiesced by acts or declarations for seven years or more in a dividing line between their lots, this would establish it as to them." The opinion cites in support of this rule the Code, § 3247 (now § 85-1602); *Riley* v. *Griffin,* 16 *Ga.* 142 (19) (60 Am. D. 726); *Watt* v. *Ganahl,* 34 *Ga.* 290; *Glover* v. *Wright,* 82 *Ga.* 114 (8 S. E. 452); *Catoosa Springs Co.* v. *Webb,* supra. In both *Cassels* v. *Mays,* 147 *Ga.* 224 (93 S. E. 199), and *O'Neal* v. *Ward,* 148 *Ga.* 62 (95 S. E. 709), the rulings were, not that it was error to charge § 85-1602, but that when a part of this section was charged it was error to omit therefrom the words, "by acts or declarations of adjoining land owners." The acquiescence rule in the Code section will in no case create or establish title; but where a proved title, by a fair construction, will embrace the lands up to the line established by acquiescence, then under this section title comes from the source proved, and the acquiescence fixes the dividing line. The petitioners' deed described the southern boundary of their land as being the lands owned by the defendant. This language in the deed clearly conveyed title to the grantees to all of the land up to the line of the defendant's land. When this line was established, whether by formal agreement of the parties or by acquiescence, as the evidence in the present case authorized the jury to find, the parties thereby fixed the north boundary line of Mrs. Veal's land, which under the terms of the deed was the southern boundary line of the church land. The Code, § 85-1602, was applicable, and it was not error to give it in charge.

It is insisted by counsel for the movant, however, that as to the strip of land on the east side of the church property, acquired by deed in 1934, and described as measuring 5 feet from east to west, and 150 feet from north to south, the petitioners have no semblance of paper title to an extension of this land south to the dividing line as found by the jury. This is deduced from the fact that by that deed the petitioners acquired a strip of land extending from the street on the north a distance of exactly 150 feet, and the fact that under the evidence the distance from the edge of the pavement on the north to the dividing line as found by the jury is more than 150 feet. The fatal weakness of the movant's argument lies in the fact that there is no evidence in the record to show that the edge of the paved sidewalk on the north is the line between the street and the petitioners' property. On the contrary, there is evidence

that the paved sidewalk is not on the property line, and does not run regularly, and exactly east and west. In view of the evidence in the case, the jury might have found that the property line on the north was exactly 150 feet from the dividing line which they found. Being so authorized to find from the evidence, and such a finding being essential to support the verdict as it relates to this particular strip, it must be held that the jury did so find.

On application of the principles of the Code, § 85-1602, the evidence supports the verdict. See Code, § 38-308; *Anderson* v. *Black,* 191 *Ga.* 627 (13 S. E. 2d, 650); *Lockwood* v. *Daniel,* 193 *Ga.* 122 (17 S. E. 2d, 542). These rulings control, adversely to the movant, both the general grounds and special ground 1, which is an amplification of the general grounds, as well as special ground 2, which complains of that portion of the charge embracing § 85-1602.

■ Special ground 3 excepts to the portion of the charge embracing the provisions of the Code, § 85-1601. The grounds of complaint are that the instruction was inapplicable to the facts, and was calculated to confuse the jury, and thereby helped to cause their verdict, returned against the movant. There is no evidence in the record which would make the charge complained of applicable. However, inapplicability alone does not constitute reversible error. Injury to the complainant must be shown, and it is insufficient in the special ground of the motion for new trial, complaining on the ground that the charge was confusing, to state merely a conclusion of the pleader to that effect without showing in what manner such charge was confusing to the jury. This ground is lacking in these essential respects, and therefore is without merit. *Riddle* v. *Sheppard,* 119 *Ga.* 930 (3) (47 S. E. 201); *Dolvin* v. *American Harrow Co.,* 131 *Ga.* 300 (10) (62 S. E. 198); *Long* v. *Gilbert,* 133 *Ga.* 691 (5) (66 S. E. 894); *Blackwell* v. *Houston County,* 168 *Ga.* 248 (2) (147 S. E. 574); *Floyd* v. *Boss,* 174 *Ga.* 544 (5) (163 S. E. 606); *Davenport* v. *Waters,* 40 *Ga. App.* 99 (148 S. E. 772).

■ Special ground 4 complains of the following colloquy between the court and the foreman of the jury. After retiring from the court-room the jury returned and the foreman said: "What we want to know is, can we establish a line with this blueprint as a land line between Mrs. Taylor and Mrs. Veal, running due west

for the church line and Mrs. Veal's line?" The court replied in substance by instructing the jury that they might find in favor of the plaintiff or in favor of the defendant as prayed in their respective pleadings, or if they found the evidence justified it or called for it, they might find for the plaintiff in part and for the defendant in part. Thereupon the foreman asked: "May we split the difference between them?" The court replied: "You go according to the evidence is all I can tell you." This ground excepts to the judge's response to the inquiries of the foreman, and contends that the judge should have given a direct and unequivocal answer to the questions of law propounded by the foreman, and should have then and there instructed the jury in effect that, if they believed the verdicts indicated by the questions would speak the truth under the evidence and under the law previously given in charge, they would be authorized to find the dividing line to be as indicated by the blueprint or they would be authorized to split the difference between the claims of the parties. It is readily apparent that each of the questions asked by the foreman involved questions of fact, and answers thereto depended upon the evidence in the case. Hence, for the court to have answered unqualifiedly that the jury might find the dividing line as indicated by either of the questions would have constituted a clear intimation as to what the evidence in the case was, and would have been a violation of the Code, § 81-1104. The responses were fair, and went as far as the court could safely have gone in instructing the jury as to their verdict. There is no merit in this ground.

■ In the 5th, and remaining special ground, the exception is to the overruling of the movant's motion to exclude the following testimony by the petitioners' witness Harris: Question: "What line was that picket fence on?" Answer: "The south line of the church." The motion to exclude this answer of the witness was based upon the stated ground that it was an opinion, a mere conclusion, and that the true dividing line should be shown by facts and not by an opinion of any witness. This question and answer are taken from a long series of questions propounded to this witness and his answers, and standing alone this answer does not fairly reflect the condition of the evidence and of his testimony at the time it was made. This witness had theretofore and immediately preceding such answer testified that in 1916 the defendant

pointed out the fence referred to in the answer and told the witness it was the dividing line between her property and the property of the church. She thus informed the witness, according to his testimony, that this fence was the south line of the church's property. If the facts upon which the answer of the witness was based were necessary, then his previous testimony as to what the defendant had told him constituted ample facts to support his statement that the fence was the south line of the church's property. The answer complained of, however, was not necessarily an opinion or a conclusion of the witness. It was a statement of fact, and so far as appears in this ground, the witness was sufficiently informed to enable him to testify from his own knowledge as to such fact. The court did not err in overruling the motion to exclude this testimony.   *Judgment affirmed. All the Justices concur.*