McDONALD *v.* TAYLOR *et al.*

446

No. 15395.   FEBRUARY 21, 1946.

*Osgood O. Williams* and *Miles W. Lewis,* for plaintiff.

*Earle Norman,* for defendants.

HEAD, Justice. (After stating the foregoing facts.) ■ A voluntary conveyance is a conveyance without any valuable consideration. 2 Bouvier's Law Dictionary (3d Rev.), p. 3408. "Every voluntary deed or conveyance made by any person shall be void as against subsequent bona fide purchasers for value without notice of such voluntary conveyance." Code, § 96-205. The evidence offered by the defendant, Mrs. E. F. ·Taylor (defendant in error in this court), demanded a finding that the alleged conveyance to her from her mother-in-law, Mrs. Ella Taylor, was in fact (if made and delivered as contended) a voluntary deed. The copy attached to her response recites love and affection and other consideration; no other consideration was claimed or shown. The defendant said that she kept such unrecorded voluntary deed in her trunk from 1907 until 1924, when the same was burned in the fire which destroyed her home.

No contention is made by the defendant that the boundaries in the deed made by her mother-in-law, Mrs. Ella Taylor, to the Bank of Crawfordville do not include the 30 acres claimed by her. On the contrary, it is conceded that such boundaries do include the 30-acre tract. "A deed which describes the premises, giving the boundaries and estimating the area as containing a certain number of acres, 'more or less,' conveys all the land embraced in the calls, although the acreage may exceed the estimate." *McElroy* v. *McElroy,* 142 *Ga.* 37 (4) (82 S. E. 442). See also *Collinsville Granite Co.* v. *Phillips,* 123 *Ga.* 841 (51 S. E. 666); *Georgia & Florida Development Co.* v. *Buck,* 134 *Ga.* 675 (2) (68 S. E. 514); *Rawlings* v. *Cohen,* 143 *Ga.* 726 (85 S. E. 851); *Blaylock* v. *Hackel,* 164 *Ga.* 257 (138 S. E. 333).

The plaintiff, H. McDonald (plaintiff in error in this court), contends that he had no notice of the claim of the defendant until after he procured title to the property in question under the deeds made by Mrs. Ella Taylor to the Bank of Crawfordville, and later transferred to, and foreclosed by the plaintiff. There is evidence that, at the time the defendant and her husband were constructing a house on the 30-acre tract in 1907, her husband went to the bank to procure a loan; that inquiry was made as to the title to the

property; and that Mr. Holden, president of the bank, upon learning that the defendant claimed title to the property, required that she sign the papers to the bank in connection with the loan made. There is no evidence in the record that Mr. Holden ever communicated this information to the plaintiff or to anyone.

"If one with notice shall sell to one without notice, the latter shall be protected." Code, § 37-114; *Wells* v. *Blitch,* 184 *Ga.* 616 (4) (192 S. E. 209). This court applied the above Code section to voluntary conveyances in *West* v. *Wright,* 121 *Ga.* 470 (49 S. E. 285), where it was stated: "Where one makes a voluntary conveyance of land, and subsequently, for a valuable consideration, conveys the same land to another who knows that the grantor has previously made the voluntary conveyance, and the grantee in the later deed sells and conveys the land to another person who has no notice, such last grantee will be protected against the voluntary deed."

In *Scott* v. *Atlas Savings & Loan Assn.,* 114 *Ga.* 134 (39 S. E. 942), the court ruled that the holder of a security deed, executed in consideration of a loan made at the time by the grantee to the grantor, is entitled to the same protection as the holder of a deed of bargain and sale. If the plaintiff did in fact acquire his title under a proper transfer and foreclosure of the security deeds from Mrs. Ella Taylor to the Bank of Crawfordville, without notice of the claim of the defendant under her voluntary deed, the rule stated in *West* v. *Wright,* supra, would control and the plaintiff will be protected against such voluntary deed.

The plaintiff, however, could not rely solely on the knowledge which he may have been able to gather from the records at the courthouse. If, in fact, the defendant had been in such "adverse, open, visible, exclusive, unambiguous, uninterrupted and peaceable possession" as to put the plaintiff on inquiry as to the defendant's interest, and the plaintiff had failed or refused to make such inquiry, he would not now be heard to say that he did not have notice of her claim. "Knowledge chargeable to a party who is put on inquiry is not limited to such knowledge only as would be gained from an examination of the public records." *Dyal* v. *McLean,* 188 *Ga.* 232 (3 S. E. 2d, 571). But there is another rule of law of equal application to the facts in this case, which is that, "The protection which the registration law gives to one

taking title to lands upon the faith of the record title should not be destroyed except upon clear and satisfactory evidence showing a clear equity in him who seeks to establish a right in hostility to the record title. Such possession must be actual, open, visible, exclusive, and unambiguous." *McDonald* v. *Dabney,* 161 *Ga.* 714 (8-c, d) (132 S. E. 547). And in such a case, "Prior possession of land is not notice to a purchaser. Possession of real property which will charge a purchaser with notice is possession at the time the purchaser obtains his title." *Wood* v. *Bowden,* 182 *Ga.* 329 (6) (185 S. E. 516).

Does the evidence in this case show such possession by the defendant, after the date her house burned in 1924, and at the time the plaintiff acquired the security deeds made by Mrs. Ella Taylor to the Bank of Crawfordville in 1937, as to fully meet the requirement in such cases, so as to constitute notice of her claim? The only evidence by the defendant on the question of her possession from the date her house was destroyed, and she moved back into the home of her mother-in-law, was that she continued to farm the lands (the 30-acre tract) through her husband. The evidence of the husband in this connection was in part as follows: "After the house burned down, we moved back across the road to my mother's house and continued to farm the place and take care of it as prior to that time, and returned all of it for taxes as my mother's property. . . We all cultivated the place as one farm during the time our house was there."

Under the evidence of the husband, during all of the time in which he and his wife resided on the 30-acre tract, the family of Mrs. Ella Taylor, composed of several members besides the defendant and her husband, cultivated the 100 acres and the 30 acres as one farm. Under testimony by the same witness, this procedure was followed by the family in the years after the burning of the house on the 30-acre tract in 1924. This evidence by the defendant and her husband does not show continuous and adverse possession in the defendant. In *Bell* v. *Bell,* 178 *Ga.* 226 (172 S. E. 566), it was held: "Possession of land is generally notice of whatever right or title the occupant has. Civil Code, § 4528 [now 85-408]. To have this effect the possession must have some element in it indicative that the occupancy is exclusive in its nature. *Manning* v. *Manning,* 135 *Ga.* 597 (3) (69 S. E.

1126). Such 'possession must be open, visible, exclusive, and unambiguous, not liable to be misconstrued or misunderstood. It must not be a mixed or ambiguous possession. So it has been held that possession of land by the grantee, holding under an unrecorded deed, together with the grantor, is not constructive notice of the unrecorded deed to a subsequent purchaser.' *McDonald* v. *Dabney,* supra." See also *Durham* v. *Holeman,* 30 *Ga.* 619; *Walker* v. *Hughes,* 90 *Ga.* 52 (15 S. E. 912); *Yundt* v. *Davison,* 186 *Ga.* 179 (197 S. E. 248); *Martin* v. *Clark,* 190 *Ga.* 274 (9 S. E. 2d, 54).

The defendant having failed to meet the requirement of showing possession by her, as alleged in her answer, she is not entitled to prevail.

■ Headnote 2 does not require elaboration.

*Judgment reversed. All the Justices concur.*