## 42423. WOOD v. ELLIOTT et al.

ARGUED NOVEMBER 7, 1966—DECIDED NOVEMBER 14, 1966.

*Herman H. Buckner*, for appellant.
*J. Douglas Henderson*, for appellees.

NICHOLS, Presiding Judge. ■ Grounds 1, 2, 3 and 9 contained in the enumerations of error, which raise the question of the sufficiency of the evidence to support the verdict (the equivalent of the general grounds of a motion for new trial), are without merit. The defendants introduced evidence which showed the line was as contended for by them. There being some evidence to support the verdict it will not be distrubed by this court. *Schuster v. Schuster*, 221 Ga. 614 (1) (146 SE2d 636).

■ While on cross examination a witness for the defendants volunteered the following statement which was in nowise responsive to the question asked: "I had to sue Mrs. Wood for my fee." Counsel for the plaintiff duly moved for a mistrial. The trial judge, out of the presence of the jury, heard argument by counsel regarding the motion and after informing plaintiff's counsel of his proposed action, overruled the motion, recalled the jury and instructed them: "I instruct the jury specifically that they should disregard any remarks made by this witness with respect to having to sue Mrs. Wood or anybody else for a fee for any surveying work. It is also my duty to inform and warn the witness that in the event that he should make any further remarks such as that, or make any other prejudicial remarks, not responsive or answer any question that is not responsive or make any response not responsive to the question to him, he will be held in contempt of court." Plaintiff's counsel neither requested further instruction nor renewed the motion for mistrial. Hence, the rule as pronounced in *Kendrick v. Kendrick*, 218 Ga. 460 (4) (128 SE2d 496), is applicable: "When a motion for mistrial is made and the trial court instructs the jury not to consider the alleged error upon which the motion is based, and counsel neither requests further instruction nor renews the motion for mistrial, the assignment of error based on the denial of the motion for a mistrial is without merit." *Purcell v. Hill*, 220 Ga. 663 (141 SE2d 152); *Cherry v. State*, 220 Ga. 695 (5) (141 SE2d 412). Accordingly, the eighth enumeration of error is not meritorious.

■ Grounds 4 and 6 of the enumerations of error will be considered together. They complain of two paragraphs of the trial

judge's charge. One in the identical language of *Code* § 85-1601 reads: "You are further charged in all cases of disputed lines the following rules shall be respected and followed: Natural landmarks, being less liable to change, and not capable of counterfeit, shall be the most conclusive evidence; ancient or genuine landmarks, such as corner station or marked trees, shall control the courses and distances called for by the survey. If the corners are established, and the lines not marked, a straight line, as required by the plat, shall be run, but an established marked line, though crooked, shall not be overruled; courses and distances shall be resorted to in the absence of higher evidence." The other, couched in the language of *Code* § 85-1602, reads: "General reputation in the neighborhood shall be evidence as to ancient landmarks of more than thirty years' standing; and acquiescence for seven years, by acts or declarations of adjoining landowners, shall establish a dividing line."

The first contention made by the plaintiff is that since *Code* §§ 85-1601 and 85-1602 relate to processioning they should not be charged in an ejectment action. Reliance is placed upon *Standard Oil Co. v. Altman*, 173 Ga. 777 (161 SE 353), to support this conclusion. However, in *Veal v. Barber*, 197 Ga. 555 (30 SE2d 252), the Supreme Court speaking through Justice, now Chief Justice, Duckworth thoroughly reviewed this issue, distinguished the *Standard Oil* case, and other similar cases (*Christian v. Weaver*, 79 Ga. 406 (7 SE 261); *Smith v. Bailey*, 183 Ga. 869 (189 SE 905); *Bradley v. Shelton*, 189 Ga. 696 (7 SE2d 261), and *Shahan v. Watkins*, 194 Ga. 164 (21 SE2d 58)), and held that where the principal issue was to determine a land line, *Code* § 85-1602 is applicable to an ejectment case. *Calhoun v. Babcock Bros. Lumber Co.*, 198 Ga. 74, 77 (30 SE2d 872). In *Jackson v. Sanders*, 199 Ga. 222, 229 (7) (33 SE2d 711, 159 ALR 638), the Supreme Court also recognized the applicability of *Code* § 85-1601 to an ejectment case, following the principles espoused in *Veal v. Barber*, supra.

Thus, the trial judge did not err in charging the rules prescribed in the two Code sections, above quoted, in this ejectment action, provided the charges are adjusted to the evidence. The plaintiff denies this, pointing out that there was no evidence

as to (1) acquiescence for 7 years, and (2) established marked crooked lines.

There was evidence adduced which would warrant a charge on acquiescence. A predecessor in title of the defendants testified regarding an occasion when she discussed the property line with the plaintiff: "She had the property several years before I ever saw her and she came up to the house one day and told me who she was and she said would I show her the line. And I said, 'Well, I can show you across my property but after you leave me I can't show you anything.' So, we went down and I showed her those iron stobs and I said, 'You can always find this line along here by these iron stobs.' . . So, she seemed to be very well satisfied; she never said 'yea' or 'nay.' " There was evidence that this meeting took place in 1950 and that the plaintiff did not notify the defendants of her claim until 1959. Under such circumstances, the jury could have found acquiescence within the meaning of Code § 85-1602 and the trial judge did not err in so charging.

Regarding marked crooked lines, neither side either contended or introduced proof as to the existence of such lines. In fact, both parties contended for and adduced proof as to a straight land lot line. Thus, while not apt, no harmful or prejudicial result would accrue to the plaintiff since the jury would be neither confused nor misled by the inclusion of the portion complained of in the charge of the entire Code section. *Thompson v. Mitchell,* 192 Ga. 750 (2) (16 SE2d 540); *Yarbrough v. Yarbrough,* 202 Ga. 391 (4) (43 SE2d 329); *Pippin v. State,* 205 Ga. 316 (9) (53 SE2d 482).

■ The fifth enumeration of error complains that there was no evidence to authorize the following charge: "In the determination of the boundary line, courses and distances and computed contents yield to ascertained boundaries and monuments." This charge incorporates the language of *Warsaw Turp. Co. v. Fort Barrington Club,* 185 Ga. 540, 543 (195 SE 755), and cases therein cited. Plaintiff's own evidence showed that there was a variance as to the distance of the line running from the land lot line and the Chattahoochee River as found by her surveyor and the distance called for in her deed. Accordingly, there was no harmful error in the charge.

■ Ground 7 of the enumerations of error specifies as error the following excerpt from the charge: "An unascertained or disputed boundary line between coterminous proprietors may be established by oral agreement, if the agreement be accompanied by actual possession to the agreed line or is otherwise executed; or by acquiescence for seven years, by acts or declarations of the adjoining owners. And a line established by either one of these two methods is binding on the coterminous proprietors and their grantees." The plaintiff contends the charge was error because there was no evidence as to: acquiescence, for seven years, by acts and declarations, or an oral agreement accompanied by possession to the agreed line or otherwise executed.

A preceding division of the opinion determines adversely to the plaintiff's contention the matter of the evidence supporting the charge on acquiescence. However, the court erred in charging as to an oral agreement, accompanied by possession, since there was not sufficient evidence to support a charge on that subject. While, "it is not ordinarily cause for a new trial that the judge gives in charge to the jury an entire Code provision, only a part of which is applicable to the case under consideration" (*Yarbrough v. Yarbrough*, 202 Ga. 391 (4), supra, and cases cited in Division 3 of this opinion), yet it is error if the inapplicable portion was calculated to confuse, mislead or erroneously affect the jury in its rendition of the verdict. *Smith v. Payne*, 85 Ga. App. 693 (6) (70 SE2d 163). See *Calhoun v. Babcock Bros. Lumber Co.*, 198 Ga. 74, 77, supra. Here no entire Code section was involved since the charge was derived from decisions of the Supreme Court. See *Farr v. Woolfolk*, 118 Ga. 277 (45 SE 230); *Osteen v. Wynn*, 131 Ga. 209 (3) (62 SE 37); *Hethcock v. Padgett*, 217 Ga. 328, 329 (122 SE2d 213).

Furthermore, it cannot be said that the portion complained of did not tend to confuse and mislead the jury, hence was harmful; for there was evidence, although not definitive, as to certain acts of possession and when coupled with evidence as to acquiescence, and the charge thereon, could lead the jury to believe that acquiescence and an oral agreement relating to a land line are synonymous, or that such acquiescence constituted an

618

oral agreement. Ground 7 shows reversible error. See *Sapp v. Odom*, 165 Ga. 437 (5) (41 SE 201).

*Judgment reversed. Hall and Deen, JJ., concur.*