## 70631. BROOKS v. WEST et al.
### (336 SE2d 840)

SOGNIER, Judge.

Boyce and Carolyn West filed a complaint in ejectment against Bill Brooks to obtain possession of a certain tract of land which they alleged had been conveyed to them under a 1981 deed. Brooks answered denying that the disputed property was within the land lot conveyed to the Wests and asserting that the tract lay within property conveyed to him under a 1957 deed. The issue was tried without a jury and the trial court ruled in favor of the Wests. Brooks filed his appeal in the Supreme Court which subsequently transferred the case to this court, as one involving a boundary dispute rather than title to land.

The evidence presented at trial showed the appellant's deed did not convey to him property in the land lot where the disputed property is situated; that appellees' deed did convey the disputed property to them; that appellant had no claim under color of title to the disputed property; and that the boundary line asserted by appellant had not through acquiescence become the correct dividing line between the properties. " 'An appellate court will not disturb the fact findings of a judge sitting without a jury if there is any evidence to support them, unless they are clearly erroneous.' [Cit.]" *Sineath v. Lane Co.,* 160 Ga. App. 402, 404 (287 SE2d 341) (1981). We find no merit in appellant's enumeration that the trial court erred by finding in favor of appellees because appellees failed to make out a good paper title to the disputed property. See *Smith v. Bailey,* 183 Ga. 869 (189 SE 905) (1937).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED OCTOBER 28, 1985.

*Dana L. Jackel*, for appellant.
*Jefferson L. Davis, Jr.*, for appellees.